W. A. BARRETT and others v. J. M. HENRY and others.

*Reference and Referee.*

1. Upon a consent reference to try a cause, the question as to whether *all* the issues raised by the pleadings are to be considered, depends upon the extent of the agreement of the parties, and being a matter of fact, the finding of the court below is conclusive.

2. Whatever may be the scope or character of such reference, an appeal will not lie from an order of re-reference.

3. Distinction between a reference to state an account preparatory to trial, and the trial of a cause by a referee under the Code, pointed out by RUFFIN, J.

(*Flemming v. Roberts*, 77 N. C., 415; *Mebane v. Mebane*, 80 N. C., 34, cited and approved.)

APPEAL from an order made at Fall Term, 1880, of ANSON Superior Court, by *Avery, J.*

The plaintiffs allege that in 1849 Joel Rushing, the intestate of the defendant, Henry, was appointed the guardian of the female plaintiffs, Emeline P. Williams and Margaret Ann Broadaway, and took into his possession their estate which came to them from their deceased father, and died without having accounted to them therefor, and the prayer of the complaint is for an account now to be taken. The defendant Henry substantially admits the guardianship, but avers that his intestate settled with the plaintiffs in his lifetime, and died without owing them anything. That since his appointment as administrator, the said defendant and the plaintiffs, Barrett and wife, agreed to refer all matters of controversy, growing out of such guardianship of his intestate, to the final award of three arbitrators, who, after an examination into all the facts, submitted an award in writing, whereby they charged the estate of his said intestate with the sum of $427.00 as still due to the plaintiff, Emeline P. This sum the defendant paid to said plaintiff and her husband, on the 21st of November, 1874, and took their receipt in writing therefor, with the distinct verbal agreement that it was given in full satisfaction of all her demands against the estate of his intestate. The defendant also set up a counterclaim amounting to several hundred dollars as due the estate of his intestate for board and necessaries furnished the plaintiffs, which was denied in their reply.

At spring term, 1879, the court made the following order: "By consent this cause is referred to the clerk of this court, to take and state an account between the parties and report to the next term."

The clerk proceeded under the order to take the account confining it by consent to the claim of Mrs. Barrett. The defendant offered in evidence the written award of the arbitrators, and the receipt of the plaintiffs for the money paid them thereunder, which the clerk rejected upon the ground that having agreed to the reference the defendant was precluded from setting up the previous settlement. In his report, the clerk finds the amount due the plantiffs to be $462.20, and gave judgment therefor, to which the defendant took several exceptions, and amongst them to the refusal of the clerk to hear the evidence of his settlement with the plaintiffs.

At fall term, 1880, the court made the following order: "This cause coming on to be heard upon the report of the referee, and it being conceded by counsel that it was a reference by consent of parties, it is ordered by the court on motion of defendant's counsel that the case be re-referred to the clerk, with instructions to hear testimony upon all issues raised by the pleadings and make his report to the next term." From this order the plaintiffs appealed.

*Messrs. Battle & Mordecai* and *J. A. Lockhart*, for plaintiffs.
*Messrs. Strong* and *Pemberton*, for defendant.

RUFFIN, J. It is not to be denied that some confusion, as well as some conflict of authority, has arisen from a failure at times to observe properly the distinction which exists between a mere reference to state an account, as a step preparatory to the trial of a cause, and a *trial of the cause by a referee* under the provisions of the code.

Ordinarily when an action for an account is entertained

by the court, the first thing to be done, after the parties and pleadings are before the court, is, to determine the question whether the plaintiff is entitled to a decree for an account. If the defendant admitting his liability submits to the decree, then it passes as a matter of course, but if he disputes his liability or the plaintiff's right to have the account, an issue is raised which must be settled before any decree can be made, and at this stage of the case nothing beyond the mere right to have the account, is considered. If the issue thus raised should go to the full extent of the plaintiff's demand, and it should be found for the defendant, that puts an end to the controversy. But if it should only partially affect the plaintiff's demand, or should be found for the plaintiff, then the decree is rendered, and having thus established the plaintiff's right to some relief, a reference to a commisssioner as the servant of the court to state an account is generally made, as the most convenient mode of preparing the cause for a hearing by the chancellor.

After the decree *quod computet*, whether made upon the submission of the defendant or the adverse finding of the issue, the court having a regard for the orderly sequence of pleading, will not permit the defendant again to raise the question as to his liability to account with the plaintiff, but will restrict his defences to such matters as pertain to the account, and may be heard upon exceptions to it.

Upon the coming in of the commissioner's report, the court will hear the exceptions of the parties, if any, and modify it, or not, according to its judgment of the merits of the case; and if no exception should be taken, the court in its own discretion may modify it, or even set it aside, and direct a new account to be taken if deeming it just to either party to do so, and from the exercise of this discretion no appeal will lie.

This however is all a matter of *practice* which always ob-

·tained in our courts before we had any Code of Civil Procedure—its object being as before stated to prepare the cause for its more convenient hearing by the court. But the Code provides three modes for the *trial of causes,* one of them being a *trial by a referee of all, or any,* of the issues in the action, whether of fact or of law, upon the written consent of the parties. C. C. P., § 244. To a reference such as this there is no limit except the will of the parties themselves. If they so agree the referee may try, as well, those issues which lie at the foundation of the plaintiff's right to have relief, as those which ascertain and fix its extent, and in such a case, nothing is presumed to be waived (except the right of a trial by a jury) and no estoppel attaches to any of the issues involved.

If the whole cause be referred, the referee acts for the time with the combined powers of both judge and jury, and as to the facts his finding has the force and effect of a special verdict, subject however to the right of either party, on notice to move the court to review his report, or to set it aside, modify, or confirm it.

The consent of a party once given to such a mode of trial of the cause, or any part thereof, cannot be recalled, and should the judge see proper to set aside a report and for any purpose recommit the trial to the same referee, his action will afford no ground for an exception to either party. *Flemming* v. *Roberts,* 77 N. C., 415.

Thus we see that whatever the character of the reference in this case may have been, the order of the judge recommitting the cause to the clerk was not the subject of an appeal.

Whether the instruction to the referee to hear testimony upon *all* the issues was erroneous, or not, depends upon the extent of the original agreement of the parties, and that ·seems to have been the point of contention in the court be-

low, and being a pure matter of fact the judge's determination of it is final.

As we understand it, His Honor found it to be true that the consent of the parties contemplated a trial by the referee of all the issues in the action, and this being so, the exception of the defendant to the refusal of the referee to hear the evidence tendered by him as to the alleged settlement by the arbitrators, and the receipt by the plaintiffs of the amount in full satisfaction of their demand, was properly sustained, and the only way to correct it was the one taken, to recommit the cause to the referee with the instructions given—the consent of the parties though not in writing being entered of record and still operating to bind them to a trial by the referee, according to their original intention.

And even if His Honor had found otherwise as to the intent of the parties, and the scope of the original order of reference, it seems that rather than the defendant should be precluded from establishing his main defence, justice would have dictated the setting aside, not only of the commissioners' report, but the order of reference itself—it being perfectly manifest that the defendant was *surprised* by the construction attempted to be given to it.

An ordinary order of reference to state an account is but an interlocutory order, and as such may be modified according to the exigencies of the case or vacated entirely if its enforcement should prove to be inequitable. *Mebane* v. *Mebane*, 80 N. C., 34.

No error.                                    Affirmed.