## G. W. CHALK v. BANK (TRADER'S NATIONAL.)

*Account—Partnership.*

An account was properly ordered, where in the conduct of the business of a firm, debts were contracted with defendant bank, to secure which, certain collaterals were deposited in excess of the same, to the end that the residue may be applied to other partnership debts in exoneration of the plaintiff—who was sole owner by assignment of his associate.

(*Dozier* v. *Sprouse*, 1 Jones' Eq., 152; *Hairston* v. *Hairtson*, 2 Jones' Eq., 123; *R. R. Co.* v. *Morrison*, 82 N. C., 141; *Barret* v. *Henry*, 85 N. C., 321, cited and approved.)

APPEAL from an order made at Spring Term, 1881, of MECKLENBURG Superior Court, by *Eure, J.*

.The plaintiff alleges that the partnership firm of G. W. Chalk & Co., constituted of himself and defendant J. L. Hardin, in conducting their business as such, and the plaintiff in prosecuting it in his individual capacity after he became sole owner of its effects by an assignment from his associate, became indebted to the defendant bank in the two notes of $2,000, and $550, to secure which, drafts, notes and acceptances of more than $8,000 in amount were deposited with the bank.

That the smaller note has been satisfied, and the said collaterals which have been, or ought to have been, collected and applied, are more than sufficient to pay the said debt, leaving a residue for the plaintiff, and that the said Hardin has been adjudged a bankrupt, and the defendant S. P. Smith appointed his assignee.

The demand is for an account—the application of so much of the deposited claims as are required to discharge the debt, and the payment over of such sums as have been collected in excess, and the redelivery of such as have not been collected, and for general relief.

The bank and the assignee unite in their answer, (the other defendants not answering) and say that R. N. Little-

john was also a constituent member of the partnership firm of G. W. Chalk & Co., and that they did borrow money of the bank and deposit with it collaterals to secure payment; and that after the firm began to wind up its business in 1877, the partners, Chalk and Littlejohn, assigned their interest in its effects to the partner, Hardin, to pay the debt due the bank and the other debts of the. firm, and apply any surplus to his own use and benefit, and that this transfer was made in the presence of the president of the bank and with his assent.

The answer admits the execution of the two notes as charged, and the payment of the smaller one, but not by the plaintiff individually ; and states, that the larger note of $2,000 remains due, only a small portion of the interest having been paid, and that the bank holds collaterals to secure its payment, not in the amount charged, and of which a detailed statement is submitted with the answer. This exhibit does not accompany the transcript and the reference in the answer alone discloses what it contains.

At spring term, 1881, an order of reference was entered in these words: " It is ordered by the court in this case that it be referred to the clerk of this court, J. R. Erwin, to state an account of the dealings between the plaintiff and the defendants, the Traders' National Bank and S. P. Smith, assignee of J. L. Hardin, and to take an account, and also ascertain what debts, if any, are outstanding against G. W. Chalk & Co., and report to the next term of this court."

From this order the defendants appealed.

*Messrs. Bynum & Grier*, for plaintiff.
*Messrs. John E. Brown* and *R. D. Graham*, for defendants.

SMITH, C. J., after stating the above. While there are discrepancies in the statement of facts in the complaint and answer, accepting those set out in the answer as correct, the plaintiff is entitled to an account and to a reference. The

plaintiff remains liable upon the note held by the bank as well as to any other outstanding liabilities of the firm, and has a clear right to enforce the execution of the admitted trust upon which the collaterals in possession of the bank are held, and to compel their appropriation to the partnership debts as a means of exonerating the plaintiff. This equity is not impaired by any provision as to the disposition of the surplus, should there be such, whether it belongs to Hardin for his own use or is to be distributed as if no assignment were made to him.

"Any matter which has a bearing [upon the right of the plaintiff to a decree for an account," remarks PEARSON, J., laying down the rule of practice, "comes up at the hearing when the decree for an account is asked ; but a matter of charge, that is, what does or does not form a part of the fund or of discharge, cannot then be gone into, but comes up regularly by exception to the report." And he adds: " Where the suit is for an account, all the evidence necessary to be read at the hearing is that which proves the defendant to be an *accounting party, and then the decree to account follows of course." Dozier* v. *Sprouse,* 1 Jones Eq., 152. Other cases are to the same effect. *Hairston* v. *Hairston,* 2 Jones Eq., 123 ; *Railroad Company* v. *Morrison,* 82 N. C., 141.

In the present case the admissions in the answer show a liability in the defendant Bank to an account of the fund and fully warrant the order of reference.

We renewedly call attention to the distinction between an order of reference following a decree *quod computet,* under the former equity practice, and such order made under the Code, pointed out in the case of *Barrett* v. *Henry,* 85 N. C., 321, the recognition of which may obviate errors into which parties not observing the difference are liable to fall.

There is no error, and this will be certified that the cause may be proceeded with in this court below.

No error.                                        Affirmed.