W. C. RENCHER v. A. L. ANDERSON.

*Appeal—Partnership—Statute of Limitation.*

1. Where no case on appeal accompanies the transcript of the record on appeal, and no error is apparent on the face of the record, the judgment will be affirmed.

2. Every presumption is made in favor of the correctness of the judgment in the Court below. So, where it appeared from the record, that the judgment was rendered on the verdict and the admissions of the parties, but no admissions appeared in the record, *It was held*, that it would be presumed that the admissions would warrant the judgment, and it would be affirmed.

3. Partners stand in the relation of trustees for each other, and something must be done to render that relation adversary, before the Statute of Limitations will begin to run.

(*State* v. *Murray*, 80 N. C., 364 : *State* v. *Edney*, Ibid., 360 ; *State* v. *Leitch*, 82 N. C., 539 ; *Bank* v. *Its Creditors*, 80 N. C., 9 ; *Paschall* v. *Bullock*, Ibid., 8 ; *Neal* v. *Mace*, 89 N. C., 171, cited and approved).

CIVIL ACTION, tried before *Shepherd, Judge,* and a jury, at Spring Term, 1885, of ORANGE Superior Court.

There was a judgment for the defendant and the plaintiff appealed.

The facts appear in the opinion.

*Messrs. John Manning, A. W. Graham* and *E. C. Smith,* for the plaintiff.

*Mr. John W. Graham,* for the defendant.

SMITH, C. J.   The complaint alleges that a verbal agreement was entered into between the parties to the action, for the formation of a co-partnership for the purpose of negotiating a sale of a large estate in New Mexico, belonging to the New Mexico Mining Company, upon a commission of ten per cent. of any and all proceeds, of whatever kind, received by the company, and arising from the sale of the property, and to this end their united efforts were to be directed.

The action is for an account and settlement of the joint business, prosecuted for several years, and judgment for what may be found due the plaintiff.   The answer admits the co-partnership as alleged, and the efforts of each to carry out its purposes, but avers that in the winter of 1875–'76, a final settlement took place, and all claims of either were adjusted, except in certain notes jointly due in New Mexico, and twenty-five shares of stock in the company.

14

The answer further alleges, that from that time no claim was ever made against defendant until November, 1881, when $75 was demanded on account of one of the notes, and this claim was abandoned by the plaintiff after his correspondence with Dr. Stubb, to whom it had been referred. The answer also set up as a defence, the lapse of time since, of more than three years, and the bar interposed by the statute of limitations.

Two. issues were submitted to the jury, which, with the response to each, are as follows:

1. When did the partnership between the plaintiff and defendant terminate? Answer—In 1875.

2. Was there a settlement of the affairs of said partnership in the winter of 1875–'76? Answer—No.

Thereupon judgment was rendered in these words: " This cause coming on to be heard, and the issues having been found by the jury, it is now, on said finding *and the admission of the plaintiff,* adjudged that the action is barred by the statute of limitations, and that it be dismissed." From this judgment the plaintiff appealed.

There is no case containing exceptions to any ruling of the Court accompanying the record, nor do any appear in the record itself. What admissions were made by appellant, upon which and the verdict the judgment is based, are not stated, so that we can see if there was error in the ruling and correct it. It is not said that the admissions are contained in the complaint, and that these alone were acted on in passing upon the application of the statute, but there may have been oral admissions also, and these must be assumed to have been sufficient to warrant the ruling, as judicial action is deemed rightful in the absence of all evidence to the contrary. Error must be shown or the judgment will be affirmed.

This rule of action in the appellate Court is firmly established by numerous cases, of which we cite but a few ; the more recent criminal ones : *State* v. *Murray,* 80 N. C., 364 ; *State* v. *Edney,* Ibid., 360 ; *State* v. *Leitch,* 82 N. C., 539. Civil : *Bank* v. *Credi-*

tors, 80 N. C., 9 ; *Paschall* v. *Bullock*, Ibid., 8 ; *Neal* v. *Mace*, 89 N. C., 171. The cases cited in the argument for the appellee, show that partners stand in relation of trustee to each other, and something must be done to render that relation adversary, and put the statute in motion, so that when it has run its course it affords protection. The verdict establishes the fact that the partnership expired in 1875, and that there was then no statement of its affairs. Upon this finding "and the admission of the plaintiff," the Court makes its final adjudication against the plaintiff. No exception is taken until at the hearing before us, and we must in conformity with the rule, assume that the admissions were sufficient to uphold the ruling.

There is no error, and the judgment must be affirmed.

No error. Affirmed.