## D. G. MORISEY v. JOHN E. SWINSON.

*Action for Foreclosure — Correction — Equitable Procedure— Reference Under The Code—Constitution—Rents.*

1. Where a plaintiff seeks to correct a deed in his own favor, the Court should refuse its aid unless he is willing that other mistakes therein should be corrected which would be against his interests. He who would have equity must do equity.

2. The findings of fact by a referee are in the nature of a special verdict subject to be reviewed by the Judge, and, when necessary, set aside ; but when confirmed by the Judge they are not reviewable in this Court.

3. Consent reference under *The Code* binds both parties until it is vacated by common consent.

4. It is proper that the agreement to refer should specify in terms the "issues of law and fact ;" but where the purpose is obvious, the strict words of the statute will not be required.

5. The Constitution has not abolished the principles of equity, and where the statutory procedure thereunder is silent, or inadequate, the practice in the late Courts of Equity may be invoked.

6. The jurisdiction in Courts of Equity to correct material mistakes is unquestionable.

7. Under the present method of civil procedure, rents are recoverable up to the time of *trial.*

This was a CIVIL ACTION, tried at the Fall Term, 1889, of DUPLIN Superior Court, by *Bynum, J.,* upon report of referee.

The action was brought to foreclose a mortgage of land executed by the defendant to the plaintiff on the 29th day of November, 1867, to secure the payment by the former to the latter of "seven hundred dollars, due by bond or note, with interest from sometime in the year 1857, as on reference to said bond will more fully appear," &c., as recited therein. Among other things, the plaintiff alleges in his complaint that the recital in the mortgage as to the "bond or note" "was inserted therein by mistake and inadvertence of both parties" thereto; and he demanded judgment that the mortgage be corrected so as to recite simply an indebtedness in the amount specified—no such bond or note having been executed or intended—that the mortgage as corrected be foreclosed, the land sold, &c., and he asked for general relief, &c.

The defendant in his answer denied that he owed the debt specified in the mortgage, and alleged that the debt intended to be secured by it was a judgment specified for $209.61, balance of a note sued upon. He alleged facts explanatory of how the false recital in the mortgage came to be made, and that it "was caused as above set forth and by inadvertence and mistake of both parties to the deed, and that no such indebtedness of seven hundred dollars existed from defendant to plaintiff at the time by note or otherwise"; and he further alleged, that long before that time he had fully paid to the plaintiff the mortgage debt intended, &c., &c.

The pleadings having been completed, an order of reference was entered whereof the following is a copy: "By consent of parties it is ordered that the above action be referred to F. A. Daniels under *The Code.*"

Under this order the referee took much evidence, found the facts and the law applicable, stated certain of his rulings, and made and filed his report, to which divers exceptions were filed by the defendant. Upon consideration of the

same the Court made an order, of which the following is a copy:

" This cause coming on to be heard, and it fully appearing that the indebtedness existing at the time of the execution of the mortgage was only the balance due upon the judgment mentioned in the report; that the same was given under an agreement to indulge the defendant, and also to secure the balance then due and for advances to be thereafter made; and the Court being of the opinion that the plaintiff should not have his mortgage corrected, as prayed for, unless he is willing to do equity by having it also corrected so as to show the actual amount of the debt due at the time of its execution; and the Court being of the opinion that the equities of the case will be met by allowing this to be done, and treating the said mortgage as security for the amount actually due at the time of its execution and the advances thereafter made—

" It is adjudged that this cause be remanded to the referee, and that he report what amount, if anything, is due the plaintiff upon a statement of account based upon the rulings herein.

" The referee has leave to take further testimony."

To this order the plaintiff excepted, and assigned divers grounds of error therein, but these are not necessary to a proper understanding of the opinion of the Court and need not be repeated.

Afterwards, the referee heard further evidence, found the facts and the law applicable, and made and filed his second report. The following are copies of material parts thereof:

" I find the following facts:

" 1. On the 29th day of November, 1867, the defendant executed and delivered to plaintiff a mortgage upon the real estate described in the complaint, which recited an indebtedness of $700, with interest from some time in 1857, which was recited in said mortgage to be due by note or bond,

which mortgage purported to secure the payment to plaintiff of said note or bond; that no note or bond was ever executed for said sum of $700; that the recital in said mortgage that said indebtedness was due by note or bond was inserted therein by the inadvertence and mistake of both parties, and that said recited indebtedness is evidenced in no other manner than by the recital in said mortgage; that the said mortgage was executed for the purpose of securing to the plaintiff the balance due on a certain judgment held by plaintiff against defendant, which, at the time of the execution of said mortgage, amounted to $207.61, some other small indebtedness due by account, and to secure such advances as the plaintiff might, from time to time, make defendant, and for no other purpose.

"2. That, at the time of the execution of said mortgage, the plaintiff, at the request of the defendant, went into possession of the lot described in the complaint as the town lot in the town of Warsaw under an agreement entered into with defendant to the effect that plaintiff was to take possession of the property and do the best he could with it, applying the rents received therefrom to the payment of defendant's indebtedness; that he has remained in possession except one year—1877 or 1878—when defendant was in possession of the store on said lot, though the plaintiff has not been himself the actual occupant of said property, except the vacant lot, which he has cultivated; that the property was of such a character that the class of tenants to whom it could be rented was utterly insolvent, and the plaintiff was compelled to rely upon their honor rather than upon their financial responsibility for the payment of rent; that the tenants were frequently changing, and the plaintiff was sometimes able to procure tenants and sometimes not; that the store was sometimes rented for a month or two at a time to persons who desired it for special seasons and for special and temporary purposes, and who would vacate after a

month or two of occupancy; that the houses upon said premises have been gradually falling into decay, and, during the possession of plaintiff, business has moved largely to another part of the town; that the plaintiff has done the best he could with the property, and that he has received rents therefrom to the sum of $759.97, as in referee's statement of rent account filed herewith as a part of this report, which, considering all the circumstances and surroundings, is, for the time plaintiff has been in possession, a fair rent for the same.

### "CONCLUSIONS OF LAW.

"1. That the insertion of the recital in said mortgage that $700 was due by note or bond was made by the inadvertence and mistake of both parties, and that the said mortgage was executed to secure the balance due upon said judgment, to-wit, the sum of $209.61, some small items of account due by defendant to plaintiff, and to secure further advances made by plaintiff, from time to time, to defendant; and it is ordered that said mortgage be corrected so as to show its real intent and purpose to be to secure the said balance and the amount of advances made by plaintiff to defendant, and the plaintiff held the same only as a security for said sums.

"2. That the sum with which plaintiff is charged in the account herewith filed ($759.97) is, all things considered, a fair rent for said property.

"3. That defendant is not indebted to the plaintiff, but plaintiff is indebted to defendant in the sum of $77.03.

"4. It is ordered, adjudged and decreed that defendant recover of plaintiff the sum of $77.03 and the costs of this action."

The plaintiff and defendant, respectively, filed numerous exceptions to this report. These are sufficiently referred to in the opinion to be understood. The Court below overruled all the exceptions of the parties, confirmed the report, and

gave judgment in favor of the defendant. Each of the parties, having excepted, appealed.

*Mr. W. R. Allen,* for plaintiff.
*Mr. H. L. Stevens,* for defendant.

MERRIMON, C. J.—after stating the case: The purpose of this action is to correct the deed of mortgage in question in certain respects on account of mutual mistake, to foreclose the same, and, to that end, to have an account taken, &c. The cause of action is wholly equitable in its nature, and hence the Court must exercise its authority and jurisdictional functions as a Court of Equity, applying such statutory provisions as may be applicable. Indeed, the jurisdiction is so extensive that the Court may administer the rights of the parties as to the. matter in litigation to the extent they come, properly, within the scope of the action, whether the same be legal or equitable, or both. There exists directness and thoroughness in the prevailing method of civil procedure. One of its distinctive and leading features is to avoid circuity of action and method, and to administer the rights of parties, whether legal or equitable, or both, or mixed, in their nature as to the matter in litigation, in one action.

The statute (*The Code,* §§ 404–423) provides three methods of trial—trial by jury, trial by the Court, and trial by referees. Any party may insist upon the trial by jury of the issues of fact properly raised by the pleadings. Trial by the Court may be had in the cases, and as prescribed by the statute (§§ 416–419). Trial by referees of the issues arising in the action, whether of fact or law, or both, may be had by consent of the parties in writing. The statute (§ 420), in this respect, provides that "all, or any, of the issues in the action, whether of fact or of law, or both, may be referred, upon the written consent of the parties, except in actions to annul a

marriage, or for divorce and separation." Such trial does not—cannot—have the effect to withdraw the action, or the cause of action, from the jurisdiction of the Court. The referee, by consent of the parties, becomes a mere adjunct, and acts in the place of the Court, and, in appropriate cases, in the place of the Court and jury, in respect to the trial. The referee must make report of his action, and the proceedings before him, to the Court, and, for cause, the Judge may " review such report and set it aside, modify or confirm the same, in whole or in part, and no judgment shall be entered on any reference except by order of the Judge." *The Code,* § 423; *McNeill* v. *Lawton,* 97 N. C., 16.

When for cause such a report is set aside, the order of reference is not thereby revoked—it continues, and a second trial may be had before the same referee, although a party may not consent to such a second trial. The order of reference having been entered by consent, this could not be withdrawn except by common consent, and consent entered of record is a sufficient consent in writing. *Fleming* v. *Roberts,* 77 N. C., 415; *Barrett* v. *Henry,* 85 N. C., 321; *White* v. *Utley,* 86 N. C., 415.

The findings of fact by such referee are in the nature of a special verdict, subject to review by the Judge, and subject to the right of a party to move to set the same aside and to have a new trial before the same referee. And the findings of fact as settled by the Judge are conclusive, and not reviewable in this Court. If the Judge does not formally find the facts, it is presumed that he accepts the facts as found by the referee. This applies to cases equitable in their nature as well as to cases at law, because the parties chose such method of trial, as they might do under the statute. *Barrett* v. *Henry, supra; Barcroft* v. *Roberts,* 91 N. C., 363; *Usry* v. *Suit, id.,* 406 ; *Silver Mining Co.* v. *Baltimore Smelting Co.,* 99 N. C., 445 ; *Wessell* v. *Rathjohn,* 89 N. C., 377.

104—36

The parties to this action, by common consent entered of record, referred the same to a referee named and selected by themselves. The order of reference is broad and compre-hensive in its terms. It clearly embraced all the issues of fact and law raised by the pleadings. The "action" was referred. This order is not appropriate in its terms—it ought to have in terms referred the issues of fact and of law, &c., but the purpose is obvious, as it is said that the refer-ence is "under *The Code.*" The referee and the parties seem to have so treated the reference as to its scope, and it must be so treated now.

In the exercise of such powers conferred by the statute, as well as in the application of general principles of procedure of Courts of Equity, the Court had authority to make the order modifying the first report of the referee and recommit-ting to him the matter referred with appropriate directions. The Court had complete jurisdiction of the report when filed, and it was not bound to pass in detail upon the several exceptions to it   Indeed, upon seeing the report, for cause appearing upon its face, it might set it aside, or modify it, or direct the referee to take further action in certain respects specified.   The statute contemplates the free exercise of such broad authority in appropriate cases.   The power to do so is essential in the application .of principles of equity and the effective administration of equitable rights, and when need be, in the absence of statutory regulations, the Court may and will adopt methods usual in Courts of Equity under the former method of procedure in this State.   The Constitution has not abolished the principles of equity—indeed it could not—on the contrary, it fully recognizes them, and they must be applied as far as may be, under the existing statu-tory method of procedure, but when it is silent or inadequate, by the methods and practices of the late Court of Equity in this State. *Grant* v. *Reese*, 82 N. C., 72; *Barrett* v. *Henry*, *supra;* *Grant* v. *Bell*, 90 N. C., 558; *Trimble* v. *Hunter*, 104 N. C., 129.

It is, therefore, unnecessary to advert to the numerous exceptions of the plaintiff to the order above referred to, filed at the time it was entered, especially as the substance of them is made the grounds of exception to the last report of the referee.

The plaintiff's principal ground of objection and exception is stated as follows:

"1. For that the referee fails to find as a fact that at the time said mortgage was executed the exact amount due from the defendant to the plaintiff could have been ascertained from papers in the possession of the parties, and from the judgment docket of the county in which said mortgage was executed. J. E. Swinson testified that the balance due was the balance upon said judgment, and D. G. Morisey testified that he had in his possession a paper from which the amount could have been ascertained. There was no evidence to the contrary.

"5. For that the referee, in his first conclusion of law holds that the recital in said mortgage of an indebtedness of $700 should be corrected; whereas he should have held that, as the parties had full opportunity to learn the exact amount due at the time the mortgage was given, the defendant has shown no facts entitling him to this equitable relief."

To say the least, this exception was ungracious. The plaintiff himself asked to have the mortgage deed corrected in his own favor, because it falsely recited that the mortgage debt was due by "bond or note," whereas in fact there was no such bond or debt and the recital was inserted by mistake, but he was not content to allow a similar mistake to be corrected in favor of the defendant! It is not surprising that the just Judge declared in the order above referred to, that "he who asks equity must do equity." But there was evidence that warranted the finding of the referee that the mortgage debt was much less than that recited, and that the recital was made by the mutual mistake of the parties.

There was evidence—facts, circumstances and reasonable inferences—tending to prove that the mortgage deed was carelessly and not well and formally drawn by an unskilled hand of a third party in the absence of proper data—part of which was several miles distant—and that the negligence in failing to have such data was due to the carelessness of the plaintiff as much as that of the defendant. Shall the former be allowed to have technical advantage and benefit of his own *laches* in such case to the injury of the defendant? Surely not. There was evidence from which the referee and the Court might find distinctly that there was mutual mistake, and we cannot, as we have seen, review their findings of the facts.

Upon the findings of fact, the Court properly corrected the deed in favor of the defendant as to the amount of the mortgage debt. The jurisdiction of Courts of Equity to correct mutual mistakes in deeds and like instruments, where such mistake is admitted, or distinctly proven, is clear and unquestionable. *Newson* v. *Bufferlow*, 1 Dev. Eq., 379; *Brady* v. *Packer*, 4 Ired. Eq., 430; *Stamper* v. *Hawkins*, 6 Ired. Eq., 7; *Kornegay* v. *Everett*, 99 N. C., 30; Ad. Eq., 170, *et seq.*

The plaintiff likewise complains that the referee charged him too much for rents of the land mentioned in the report. The charges in this respect were based upon the findings of fact, and these we cannot review or disturb.

The plaintiff further complains that the referee charged him with rents up to the time he finally took his account after the action began. This objection is unfounded. Under the present method of civil procedure, the rents are treated as growing out of, and incident to, the land, and are recoverable up to the time of the trial. Moreover, this is allowed in order to avoid circuity of action, as contemplated by the spirit and purpose of the Code of Civil Procedure.

*Whissenhunt* v. *Jones,* 78 N. C., 361; *Burnett* v. *Nicholson,* 86 N. C., 99; *Grant* v. *Edwards,* 88 N. C., 246.

We advert now to the defendant's appeal. His principal ground of complaint is, that the referee found as a fact that the fair rental value of the land mentioned in the report was seventy-five dollars, but failed to charge the plaintiff with that sum annually for the time he had possession and control of it. It seems that the referee meant by the finding that such rent would be fair and reasonable, if the premises could be readily and regularly let, but he found further that the plaintiff took possession of the land at the request of the defendant, and agreed that he "would do the best he could with it," the property not being desirable or much in demand by responsible tenants. He finds as a fact that, "considering all the circumstances and surroundings," the sum charged is "a fair rent." We cannot review this finding of fact. The defendant's other exceptions are based upon alleged erroneous findings of fact in respect to numerous and various items of charge. They involve no question of law.

The referee, it seems to us, has faithfully examined and passed upon the merits of an old and defective mortgage and numerous stale transactions incident to and growing out of it. As far as we can see, his conclusions are reasonable and just; he has done the parties substantial justice. If, in any respect, he has failed to do so, it is because of the *laches* of the parties themselves in allowing their mutual dealings, very indefinite and uncertain in their character, to remain unsettled and in a very confused condition for a long period of time.

What we have said disposes of both appeals.

                                                    Affirmed.