PASCHAL DAVIE et al. v. JONATHAN DAVIS,

*Res Judicata—Justice of the Peace—Nonsuit—Dismissing an Action—Merits of the Case—Pleading—Evidence.*

1. A judgment of a Justice of the Peace dismissing an action is not necessarily a nonsuit; and evidence of what proceedings were had is admissible to be inquired into upon a plea of *res judicata.*

2. There was a judgment in the Court of a Justice of the Peace dismissing the action as to one of the defendants; in a subsequent action, upon the same note, there was an appeal to the Superior Court, which found the facts, by consent, that in the first action there had been a trial on the merits, and a judgment rendered therein to the effect that there was no obligee on the bond sued on. The Court further found, that the Justice did not hear any evidence of the equitable claim of the plaintiffs: *Held*, that this finding is conclusive.

3. The fact that the plaintiffs had other merits in this case does not prevent the estoppel of *res judicata;* he should have developed his defence in full in the first trial.

4. The judgment concludes the parties as to all matters which were pleaded, or should have been, in the first action.

This was a CIVIL ACTION, tried before *Boykin, J.*, at January, Term, 1891, of GRANVILLE Superior Court, on an appeal from a Justice of the Peace.

By agreement the case was withdrawn from the jury and submitted to his Honor to find the facts.

Plaintiffs introduced a bond for $200, signed by N. H. Whitfield and defendant Davis, which had been assigned to them. Defendant admitted that it was his signature, but alleged that the bond was void, for that there was no payee or obligee named on the bond when he signed it.

S. V. Ellis, witness for defendant, testified that in May, 1890, at request of plaintiffs, he issued summons against N. H. Whitfield and Jonathan Davis, the defendants in this

action; on the trial of the cause, June 9th, 1890, both parties introduced . witnesses, and after hearing the testimony, he gave judgment against Whitfield and dismissed the cause ·as to Davis; that he based his judgment solely on the fact that there was no payee named in the bond at the time of its execution by defendant, and he did not take into consideration the fact, that though the bond was void, defendant had put it into the power of Whitfield to borrow money from a third party. Plaintiffs objected to witness testifying as to what occurred before him on trial, and his intention and reasons for rendering the judgment, as the judgment spoke for itself. Objection overruled. Exception.

*Mr. J. W. Graham,* for plaintiffs.
*Messrs. L. C. Edwards* and *J. B. Batchelor,* for defendant.

CLARK, J.: The defendant pleaded that the matter was *res judicata.* ·

The former judgment was as follows: "This cause came on for trial; after hearing the evidence, it is adjudged that this warrant be dismissed as to Jonathan Davis;" and there was further judgment, that the plaintiffs recover of the other defendant, in that action, the amount of the bond sued on, with interest and costs. The plaintiffs insisted that this was, as to Jonathan Davis, merely a judgment of nonsuit, and excepted to the admission of evidence as to the proceedings had before the Justice. "Evidence of what a Justice meant by the judgment in the former action is improper, for the entry must speak for itself. But it is otherwise as to the fact whether the merits were inquired into upon rendering it." *Ferrell* v. *Underwood,* 13 N. C. (2 Dev.), 111. This was cited and approved in *Justice* v. *Justice,* 25 N. C. (3 Ired.), 58; *Massey* v. *Lemon,* 27 N. C. (5 Ired.), 557; *Carr* v. *Woodleff,* 51 N. C. (6 Jones), 400, and in other cases.

PATTERSON *v.* GOOCH.

By consent, the Court found the facts. It found "that there had been a trial on the merits upon the issues involved in this action, and a judgment heretofore had and rendered between the parties hereto, to-wit, before a Justice of the Peace, in this county, on 9th June, 1890; that said Justice rendered his said judgment solely and entirely upon the ground that it was proven to his satisfaction that there was no obligee named in the bond at the time the defendant executed the same, and that said Justice did not hear or consider any equitable claim that the plaintiffs had against the defendant on account of his having executed said bond." This is conclusive, nor is the latter part contradictory. Unless the former proceeding was terminated by a *nonsuit* the judgment therein is conclusive, and it is not a nonsuit necessarily because in form a judgment against the plaintiffs. It is found that the plaintiff failed on the merits, and though he may have had other merits or an equitable ground of maintaining the action, it was his own fault he did not present it on the trial, nor appeal from the judgment.

The judgment not being a nonsuit, it concludes the parties not only as to all matters pleaded, but as to all which could or should have been.

No error.