M. A. C. O. JOHNSON et al. v. S. H. LOFTIN et al.

*Report of Referee—Exceptions—Direction of Court—Appeal—*
*Married Woman—Prayer for Relief.*

1. When the report of a referee was filed and confirmed at the November
   Term, 1891, of Court, and at the May Term, 1892, the Court refused
   to recommit upon motion and exception made at that term: *Held,*
   such ruling was not reviewable in the Supreme Court.

2. Where it is not pleaded and does not appear that a person is a married
   woman, there is no presumption of law to that effect.

3. The facts stated, and not the prayer for relief, show what remedy
   ought to be granted.

This was a CIVIL ACTION, heard at LENOIR County Superior Court at May Term, 1892, before *Winston, J.*

The action was brought asking for an account between plaintiffs and defendants, and asking that the plaintiffs be allowed to redeem the lands specified in the complaint in the action upon the payment to the defendant S. H. Loftin of the money actually received from him by the plaintiffs.

The said tract of land, as stated by the plaintiffs in their complaint, was mortgaged by the plaintiffs M. A. C. O. Johnson and S. A. Cox, on November 30, 1888, to the defendant S. H. Loftin, to secure the sum of $1,700, which the plaintiff M. A. C. O. Johnson borrowed from the defendant S. H. Loftin on the said day and date of said mortgage.

It does not appear in the complaint of the plaintiffs, nor in any of the pleadings, that M. A. C. O. Johnson is under coverture, but the plaintiffs allege in the complaint that the said mortgage was executed by the plaintiffs M. A. C. O. Johnson and S. A. Cox, together with G. M. Johnson.

It does not appear that A. J. Loftin, Esq., the commissioner to make sale of said lands, is either plaintiff or defendant in the action, but it does appear that he is one of the attorneys

for the defendants, and it also appears in the judgments in the action that he was, without objection and by consent of other counsel than the present attorney, appointed commissioner to sell said lands.

It was admitted in open Court, at May Term, 1892, by the attorney for plaintiffs, that there was no fraud in the sale of said lands by the said commissioner, and that nothing wrong was imputed against said commissioner in conducting said sale, except such as grew out of attorney for the defendant.

The defendants filed no answer to the complaint, and at August Term, 1891, a consent judgment between W. C. Munroe, Esq., attorney for plaintiffs, and Loftin and Rountree, attorneys for defendants, the case was referred to J. Q. Jackson, Esq., *only for the purpose* of stating an account between the plaintiffs and defendants.

It was further ordered and adjudged in said judgment that if the plaintiffs failed to pay the amount of money found by J. Q. Jackson, Esq., to have been received by the plaintiffs on said mortgage from the defendant S. H. Loftin, together with interest thereon, or so much thereof as remains unpaid after crediting the rents and profits found to have been received by the defendants, who were then and had been in possession of said lands, on or before the first day of November, 1891, then and in that case the said lands should be sold by a commissioner appointed by this Court, and A. J. Loftin, Esq., was appointed commissioner to effectuate the sale under the said judgment of said August Term, 1891.

At November Term, 1891, of said Court the referee, J. Q. Jackson, Esq., reported to said Court, after stating the account, that the plaintiffs were due the defendant S. H. Loftin, on November 16, 1891, the sum of $1,587.94.

At said November Term, 1891, the action came on to be heard *solely* upon the report of the referee, no exceptions

having been filed to said report; nor did the plaintiffs offer, or propose to file, any exceptions, and thereupon, upon motion of defendant's attorneys, the said report was in all respects confirmed, and judgment rendered that the defendant S. H. Loftin recover of the plaintiffs the sum of $1,614.99, with interest on $1,554.30 principal money, at eight per cent. interest, from November 16, 1891, till paid, and for costs.

From the records of the Court at November Term, 1891, the Court finds that the following entry was made : " Report confirmed." And the Court finds as a fact the said appeal was marked out under the order of the Judge.

By virtue of said judgment, the plaintiffs were allowed sixty days to redeem said lands by paying off said judgment, and in default the lands were ordered to be sold by said commissioner.

The plaintiffs made default in the payment of said judgment, and the said commissioner sold said lands in conformity to said judgment, notifying plaintiffs' attorney of the time and place of sale.

At May Term, 1892, the Court continued the case from day to day to enable the plaintiffs to file affidavits as to the value of said lands and the inadequacy of the price bid, but none were filed.

At May Term, 1892, of said Court the said commissioner reported said sale to said Court, at which sale the said lands were bid off by the defendant S. H. Loftin for the sum of $1,250, he being the highest bidder, and being allowed by the judgment of the Court to become the purchaser, and the commissioner recommended the confirmation of the report, as the lands sold for a fair and reasonable price. Affidavits were also filed to the same effect.

At said May Term, 1892, the action coming on to be heard upon the report and affidavits, the plaintiffs, through their attorney Stephen W. Isler, for the first time filed the following exceptions to the report of the referee:

111—21

"1. Because the referee does not find the fact whether M. A. C. O. Johnson is married and is still under coverture, and that she owned individually the tract of land specified in the pleadings. And the plaintiff M. A. C. O. Johnson moves that the case be remanded to the referee to find the facts herein specified.

"2. The plaintiff objects to the confirmation of the report because A. J. Loftin, one of the attorneys for the defendants, but practically a plaintiff, was appointed a commissioner to sell the said lands, and the defendant became both the vendor and the purchaser.

"3. The plaintiffs object to the confirmation of the sale because the said tract of land was not divided and sold in parcels, but the whole tract was sold in one body.

"4. Because the said tract of land did not bring a fair price."

The defendants, in open Court, at said May Term, 1892, offered to allow the plaintiffs then to redeem, but the plaintiffs admitted their inability to do so.

The Court overruled the exceptions of the plaintiffs and confirmed the report of the commissioner, and rendered judgment against the plaintiffs for the sum of $425.76, with interest and costs—the difference between the sum for which the land sold and the judgment rendered at November Term, 1891.

. From this judgment the plaintiffs appeal, and assign as errors the rendition of a personal judgment against Mrs. M. A. C. O. Johnson, and the overruling the exceptions above stated, and the confirmation of the report.

*Mr. George Roundtree,* for plaintiff.
No counsel, contra.

CLARK, J.: The report of the referee was filed and confirmed at November Term, 1891. The exception thereto and

motion to recommit the report for an additional finding of fact at May Term, 1892, were too late as a matter of right, and could only have been allowed as a matter of discretion. The refusal of the Court was therefore not reviewable. *McNeill* v. *Hodges,* 105 N. C., 52.

The other three exceptions were to the report of sale, but were unsupported by anything appearing in the record or otherwise. The Court overruled these exceptions and found that the commissioner was not a party to nor interested in the action, that the sale was open and fair, and that the land brought a fair price. These exceptions present no matter of law, and the findings of fact by the Judge below are not reviewable. *Barrett* v. *Henry,* 85 N. C., 321; *Davie* v. *Davis,* 108 N. C., 501.

Nor is there anything in the pleadings and findings of fact, nor is it suggested by affidavit, that the plaintiff Johnson is a married woman. There is no presumption of law that she was. It does not appear from the pleadings even that she was a woman. There is, however, a presumption that the action of the Court below was correct. *Rencher* v. *Anderson,* 95 N. C., 208. The burden is on appellants to show that there was error. This has not been done.

Nor is it material whether or not there was a prayer in the pleadings for a personal judgment. The Court should grant such relief as the allegations and proof warrant, whether demanded in the prayer for relief or not. *Moore* v. *Nowell,* 94 N. C., 265; *Skinner* v. *Terry,* 107 N. C., 103; *Knight* v. *Hovghtaling,* 85 N. C., 17; *Patrick* v. *Railroad,* 93 N. C., 422.

PER CURIAM. No Error.