PAUL REEVES v. DONALD MUSGROVE

No. 7423DC771

(Filed 6 November 1974)

**Boundaries § 8; Trespass to Try Title § 1— processioning proceeding — appeal of reference — denial of title — action to try title — erroneous adoption of referee's report**

　　When the trial court, before reviewing the report of the referee in a processioning proceeding, permitted defendant to amend his answer to deny plaintiff's title, the proceeding was converted into an action to try title; and since the issue of title did not arise until this stage, the report of the referee purporting to adjudge superior title in plaintiff could not be adopted by the trial court, and the action must be remanded for a determination of the issue of title.

APPEAL by defendant from *Osborne, Judge,* 14 May 1974 Session of District Court held in ALLEGHANY County.

Heard in Court of Appeals 17 October 1974.

This action was instituted by plaintiff alleging ownership of a tract of land described in his complaint and seeking the ejectment of defendant from a portion of that land. The original

answer of the defendant admitted the title of plaintiff to the tract of land described in the complaint but asserted his own title to a tract of land described in his answer. When the case was reached for trial, the court, with the consent of both parties, ordered a reference.

Upon proper notice, a hearing was held before the referee on 17 January 1974, at which time both parties submitted evidence. On 5 February 1974 the referee made his report in which he concluded that plaintiff had a superior title to the land in dispute, awarded the land to the plaintiff, and directed the defendant immediately to remove his fences and vacate the property.

On 12 February 1974, defendant entered notice of appeal from the report of the referee and demanded a jury trial upon all issues. There were no specific exceptions to any findings of fact or conclusions of law in the referee's report, but the District Judge on 22 February 1974 directed that the case be placed on the next civil jury docket.

Upon the call of the case for trial at the 14 May 1974 session of the district court, plaintiff moved in open court for adoption of the report of the referee. Defendant moved to amend his answer so as to deny the title of plaintiff. Over objection of plaintiff, the defendant was allowed to amend his answer and deny the plaintiff's title. After his answer was amended the defendant then moved that the referee's report be "thrown out or disapproved in its entirety."

After reviewing the report of the referee, the court entered judgment substantially adopting the report and adjudging that plaintiff had superior title to the property in dispute.

From this judgment defendant has appealed.

*Edmund I. Adams, for plaintiff appellee.*

*Arnold L. Young and Lewis Alexander for defendant appellant.*

BALEY, Judge.

The record in this case is in a confusing state and difficult to understand. The answer of defendant originally admitted the plaintiff's allegation of ownership of land as set out in the complaint. The title of plaintiff was apparently not in dispute

when the parties consented to the order of reference. When the matter was heard before the referee the action was in effect a processioning proceeding to determine a boundary line. *Pruden v. Keemer,* 262 N.C. 212, 136 S.E. 2d 604; *Prince v. Prince,* 7 N.C. App. 638, 173 S.E. 2d 567; 2 Strong, N. C. Index 2d, Boundaries, § 8, p. 12. The report of the referee, however, concluded that the title of plaintiff was superior to that of defendant and awarded plaintiff the disputed property.

Before the trial court reviewed the report of the referee on appeal, it permitted the defendant over objection by the plaintiff to amend his answer and deny the plaintiff's title. This converted the action from a processioning proceeding into an action to try title. Since the issue of title did not arise until this stage, the report of the referee—although purporting to adjudge a superior title in plaintiff—cannot stand. The hearing before the referee did not concern an action to try title. The transcript of the evidence before him does not disclose any deed to plaintiff or other documentary indicia of title in plaintiff and will not support a finding that plaintiff had title.

This cause must be returned for disposition after a consideration of all the issues raised by the pleadings as amended, which include the issue of title, and title must be shown in accordance with an accepted method of proof. *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142.

New trial.

Judges MORRIS and HEDRICK concur.