PAUL REEVES, ET AL., PLAINTIFFS v. DONALD MUSGROVE, ET AL., DEFENDANTS

No. 7823DC68

(Filed 5 December 1978)

1. **Boundaries § 8; Reference § 8.2— referee's report rejected—no further reference required—trial by jury proper**

   The trial court in a proceeding to determine the boundary between the parties' land which was before it for the third time did not err in declining to order a reference, nor did it err in ordering a jury trial in its discretion, since an earlier consent reference order was put into effect and complied with by a full report of the referee which was later rejected by the court as insufficient, and the right of the parties to a reference was therefore not denied; and since the referee's report did not determine the issues and it became incumbent upon the trial court to try the issues, the court was authorized, in its discretion and either upon motion or on its own initiative, to order trial by jury on any or all issues presented. G.S. 1A-1, Rule 39(b).

2. **Boundaries § 15.1— location of boundary—sufficiency of evidence**

   In a proceeding to determine the boundary line between the parties' land, evidence was sufficient to be submitted to the jury where all the evidence indicated that the boundary was as contended by defendants and the disputed parcel of land was a part of defendants' land.

APPEAL by plaintiffs from *Osborne, Judge.* Judgment entered 28 September 1977 in District Court, ALLEGHANY County. Heard in the Court of Appeals sitting in Winston-Salem 14 November 1978.

*Edmund I. Adams for plaintiff appellants.*

*Arnold L. Young and R. Lewis Alexander for defendant appellees.*

MITCHELL, Judge.

The plaintiffs, Paul T. and Cornelia R. Reeves, initiated this action by filing a complaint on 8 March 1973 in which they alleged that the defendants, Donald and Louise Musgrove, had taken possession of a parcel of the plaintiffs' land by building a fence enclosing that parcel. The plaintiffs sought to have the defendants ejected therefrom. The defendants answered admitting the plaintiffs' ownership of the land with the exception of the parcel enclosed by the defendants' fence. The defendants additionally alleged that the parcel of land in question was a part of the defendants' land adjacent to the land of the plaintiffs identified in the complaint.

The trial court, with the consent of the parties, ordered a reference. The referee conducted a hearing and reported *inter alia* that the plaintiffs held superior title to the parcel of property in dispute and that it should be awarded to them. The referee's report was submitted to the trial court, at which time the plaintiffs moved that the report be adopted. The defendants then moved to amend their complaint to deny entirely the plaintiffs' title to all land identified in the complaint. The trial court granted this motion by the defendants, adopted a portion of the referee's report and entered judgment in favor of the plaintiffs.

The defendants appealed from the trial court's judgment. This Court held that the amendment to the defendants' answer converted the action from a processioning proceeding to establish a boundary into an action to try title. As this issue of title had not been raised in the hearing before the referee, we held that his report purporting to adjudge superior title in the plaintiffs could not stand and ordered a new trial. *Reeves v. Musgrove*, 23 N.C. App. 535, 209 S.E. 2d 346 (1974).

The case was thereafter again heard before the trial court, which purported to reverse its prior ruling by denying the defendants' motion to amend their answer so as to deny title in the plaintiffs. The trial court then adopted the referee's report in its entirety and entered judgment in favor of the plaintiffs. This Court vacated the judgment and remanded the case for trial on all issues raised by the pleadings as amended. *Reeves v. Musgrove*, 29 N.C. App. 760, 226 S.E. 2d 235 (1976).

When this case came before the trial court for the third time, the trial court declined to order a reference and, in its discretion, ordered a jury trial. During this trial, the defendants presented evidence tending to show that they shared a common source of title with the plaintiffs. The parties then entered into a stipulation to the effect that the issue before the court involved the location of the boundary between the land of the plaintiffs and the land of the defendants and not a dispute concerning title to all of the land described in the plaintiffs' complaint. Both the plaintiffs and the defendants offered evidence through registered land surveyors. The surveyors gave conflicting testimony as to the exact location of the boundary. When the case was submitted to the jury, it returned a verdict indicating that the disputed parcel of land belonged to the defendants. The trial court entered judgment adjudging the defendants to be the rightful owners of the disputed parcel. The plaintiffs appealed.

[1]   The plaintiffs first assign as error the trial court's rulings on their objection to a jury trial and their motion for another reference of the case to a referee. When the case was called for trial the third time, the plaintiffs objected to a jury trial and moved for an additional reference in accord with the original consent of the parties to a reference prior to the first trial. The objection was overruled and the motion denied.

Once a reference has been ordered with the consent of both parties, the trial court may not revoke it absent the consent of all parties. *Coburn v. Timber Corp.*, 257 N.C. 222, 125 S.E. 2d 593 (1962); *Keith v. Silvia*, 233 N.C. 328, 64 S.E. 2d 178 (1951). "Either party has *a right* to have the order carried into effect and complied with by a full report of the referee, and further action by the court can only be had upon such report." *Stevenson v. Felton*, 99 N.C. 58, 61, 5 S.E. 399, 400 (1888) (citations omitted).

Here, however, the referee submitted a full and final report of the trial court. Upon its receipt of the referee's report, the trial court was free to "adopt, modify or reject the report in whole or in part. . . ." G.S. 1A-1, Rule 53(g)(2). On appeal, this Court held that the report was insufficient to support a judgment on the issues then pending before the trial court. *Reeves v. Musgrove*, 23 N.C. App. 535, 209 S.E. 2d 346 (1974). This amounted to a rejection of the report. As the consent reference

order was put into effect and complied with by a full report of the referee which was later rejected as insufficient, the right of the parties to a reference was not denied.

When an appellate court finds a referee's report to be faulty and remands a case, the trial court may again order a reference or make its own findings. *See Bank v. Insurance Co.*, 265 N.C. 86, 143 S.E. 2d 270 (1965) *and* 11 Strong's N.C. Index 3d, Reference, § 9, p. 161. *But see Morisey v. Swinson*, 104 N.C. 555, 10 S.E. 754 (1889). Therefore, the trial court did not err in denying the motion for a further reference in this case, after the original referee's report was found by this Court to be inadequate to support the trial court's prior judgment.

Where the parties to an action consent to a reference, they waive the right to have any of the issues within the scope of the reference determined by the jury. G.S. 1A-1, Rule 53(b)(1). If the issues are presented to the referee, but his report does not determine them, the trial court may properly choose not to again submit the issues to a referee. It then becomes incumbent upon the trial court to try these issues. Notwithstanding the waiver by the parties in the present case of their right to trial by jury, the trial court was authorized, in its discretion and either upon motion or on its own initiative, to order trial by jury on any or all issues presented. G.S. 1A-1, Rule 39(b). *But cf. Morisey v. Swinson*, 104 N.C. 555, 10 S.E. 754 (1889) (decided under the former Code). Therefore, the objection to trial by jury was properly overruled.

[2]   The plaintiffs next assign as error the trial court's denial of their motion for a directed verdict as to the defendants' counterclaim. The plaintiffs contend that the evidence was insufficient to show that the true boundary was that alleged by the defendants and, therefore, was insufficient to show that the defendants owned the disputed parcel of land as was alleged in the counterclaim. We do not agree. The motion by the plaintiffs for a directed verdict had the effect of testing the legal sufficiency of the evidence to take the case to the jury and to support a verdict for the defendants. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977). In determining whether the evidence is sufficient in such cases, all of the evidence must be considered in the light most favorable to the nonmoving party,

and he must be given every reasonable inference that may be drawn therefrom. *Oliver v. Royall,* 36 N.C. App. 239, 243 S.E. 2d 436 (1978).

Various witnesses testified as to the existence of certain trees which had been marked to indicate the location of the property boundary giving rise to the dispute in this case. Roy Ellison, a witness for the plaintiff, testified that he had once owned the disputed property and that there was a marked tree further up the line from the one used by the surveyors as a turning point. Joe Oliver, the plaintiffs' registered land surveyor, testified that: "If the white oak had been a white oak somewhere back up the line like Mr. Roy Ellison said, there would be no property in any of these surveys which would be on the west side of the road for [the plaintiffs'] property." In addition Oliver testified that, "It is possible that the oak tree is not this oak tree. If we use Mr. Ellison's oak tree, all the lines would either be in the present highway or to its east." All of the evidence indicated that the disputed parcel of land lies to the west of the present highway. Therefore, this evidence was sufficient to support a finding by the jury that the true boundary lies to the east of or in the highway and that the disputed parcel is, therefore, a part of the defendants' land to the west of the highway. The plaintiffs' motion for a directed verdict was properly denied.

For the reasons previously set forth, the judgment of the trial court is

Affirmed.

Judges CLARK and WEBB concur.