### GIDEON PERRY and others *v.* H. M. TUPPER.

If the Supreme Court commits an error in its judgment ordering the Superior Court to issue certain process, the only way to remedy it, is by a petition to re-hear. For the Judge below to refuse to obey such order, would be judicial insubordination, not to be tolerated. Nor is it allowed to a party in the cause to appeal from the order when made by the Superior Court, upon the ground that that Court had no right to make it.

When there has been a final determination of a cause in the Court below, an appeal brings up the whole *cause* to this Court, in which the judgment is affirmed, modified or reversed, such judgment being given, as of right the Superior Court ought to have given. If the appeal is from an interlocutory *order*, the *cause* does not come up to the Supreme Court, but only the *order*, which is decided, and the decision certified to the Superior Court, to the end that the *cause* may be proceeded with.

(*Perry* v. *Tupper*, 70 N. C. Rep. 538; *State* v. *Sam*, 4 Ired. 434; *Bledsoe* v. *Nixon*, 69 N. C. Rep. 81, cited and approved.)

This was a CIVIL ACTION commenced in the Court of a Justice of the Peace, for the recovery of certain real estate situate in Raleigh, and carried by appeal to the Superior Court of WAKE county, where it was tried, and brought by appeal to this Court, and decided at January Term, 1874, and remanded to be proceeded with according to the decision. It was again tried before his Honor, *Judge Watts*, at Spring Term, 1874.

At January Term, 1874, this Court gave judgment ordering the Superior Court to issue a writ of restitution. This his Honor, on the second trial in the Superior Court did, whereupon the plaintiffs appealed on the ground that the Superior Court had no power to order restitution, but that the writ should have issued from the Supreme Court.

*Fowle* and *Lewis*, for appellants.
*Smith & Strong*, *Haywood* and *Rogers*, contra.

READE, J.  This action was originally commenced before a Justice of the Peace against the defendant as an alleged trespasser upon the land in controversy to recover the possession of the same.  The Justice made such order in the cause that the defendant was put out, and the plaintiff was let into the possession, and the defendant appealed to the Superior Court.

The Superior Court quashed the proceedings before the Justice upon the ground that the Justice had no jurisdiction. And thereupon the defendant moved to be restored to the possession.  This motion was refused by his Honor; and from his refusal, and from that only, an appeal was taken to this Court.  And this Court at the last term, decided that as the defendant had been put out of possession by an abuse of the process of the law, a writ of restitution was a matter of course, and the defendant's motion ought to have been allowed as a part of the judgment.  And this Court directed that it be so certified to the Superior Court, " to the end that a writ of restitution may issue."  Upon the certificate going down, the Superior Court ordered a writ of restitution to issue.  And from that order the plaintiff appealed to this Court.

The point made before us by the plaintiff is that the Superior Court has no power to issue the writ of restitution, but that the same ought to have been issued, if at all, by this Court. And that this Court was in error when it directed the Superior Court to issue it.

Take it to be true, for the sake of the argument, that this Court was in error in directing the Superior Court to issue the writ of restitution, the question arises, what is the proper way to correct the error?  Is it for the Judge below to refuse to obey the order because *he* thinks the Supreme Court erred? That would be judicial insubordination which is not to be tolerated, and which is seldom practiced; and which was not practiced in this instance by the learned Judge who promptly ordered the writ.  If the Judge cannot refuse to obey the order because he thinks there is error, can the party frustrate it because *he* thinks there is error?  That would be worse than

for the Judge to do it, because it might be supposed that the Judge would exercise discretion, and refuse to obey only in case of palpable error; but the interested party would frustrate the order in every case. If then the Judge cannot refuse to obey, and the party cannot be allowed to frustrate an erroneous decision of the Supreme Court; and if from it there is no *appeal*, are we driven to the revolting alternative that there is no *relief?* Of course not. The practice is well established and the relief perfect; a petition in this Court to re-hear.

But there has not in this case been any error at all by the Supreme Court. A party is allowed to appeal "from every judicial order or determination of a Judge of the Superior Court upon or involving a matter of law or legal inference, whether made in or out of term, which affects a substantial right," &c.

When there has been a trial and a final determination of a cause, and an appeal is taken to this Court, it brings *the cause* into this Court, and we "reverse, affirm or modify" the judgment as may be necessary; and we give such judgment here as ought to have been given below; and we issue execution to enforce the judgment. But when an interlocutory order or determination is appealed from, "the cause" does not come up to this Court but remains in the Court below, and only the "order" comes up; which we decide, and certify our decision to the Court below to the end that "the cause" may be proceeded with. So in this case when his Honor quashed the proceedings of the Justice of the Peace, and refused the defendant's motion for a writ of restitution. The plaintiff did not appeal so as to bring up "the cause" to this Court; but the defendant appealed from his Honor's refusal to issue a writ of restitution; and there was nothing before us but that order. It was a motion for an *order in the cause.* The cause was not before us; and so, of course, we could not make the order. All that we could do was what we did, decide that the order ought to have been made, and certify our decision, to the end that the Court below might issue the writ. Compliance with

PERRY *et al. v.* TUPPER.

that decision was a duty of the Judge, in regard to which he had no discretion. It was as much his duty to issue the writ of restitution, after we had ordered him to do it, as it would have been the duty of the sheriff to execute it. And the plaintiff had no more right to frustrate one than the other. And his having obtained the possession, by an abuse of the process of the law, and retained the possession by an abuse of the remedy of appeal, against the decisions of both the Superior and the Supreme Court, has all the moral elements, at least, of a contempt.

The order for the writ of restitution in obedience to the decision of this Court not being appealable, the attempted appeal did not vacate it, and therefore the order for the writ is still in force and the writ may be sued out at any time by the defendant.

The appeal is dimissed. This will be certified, &c. *State* v. *Lane*, 4 Ired. R., p. 434; *Bledsoe* v. *Nixon*, 69 N. C. Rep., p. 81.

PER CURIAM.                    Appeal dismissed.