N. A. McNEILL et als. v. ELLA LAWTON.

*Case on Appeal—Reference—Nonsuit.*

1. Where there is a conflict between the record and the case on appeal, the record must prevail, but where matters are stated in the case, in regard to which the record is silent, they will be accepted as facts.

2. Sending a case to be tried by a referee does not deprive the Court of its jurisdiction, and it can make any and all necessary orders therein, pending the trial before the referee.

3. So, a plaintiff may take a nonsuit while the case is pending before a referee, if the case be one in which he is entitled to do so.

4. While generally speaking a plaintiff can take a nonsuit at any time before verdict, yet he cannot do so if the defendant has pleaded a counter-claim, which arises out of the same contract or transaction which is the foundation of the plaintiff's cause of action.

5. When the counter-claim does not arise out of the same transaction as the plaintiff's cause of action, but falls under subdivision 2 of §244 of *The Code*, the plaintiff may submit to a nonsuit. In such case, the defendant may either withdraw his counter-claim, when the action will be at an end, or he may proceed to try it, if he so elects.

(*Farmer* v. *Williams*, 75 N. C., 401; *State* v. *Keeter*, 80 N. C., 472; *Bank* v. *Stewart*, 93 N. C., 402; *Whedbee* v. *Leggett*, 92 N. C., 469; cited and approved).

CIVIL ACTION, tried before *Philips, Judge*, at October Civil Term, 1886, of WAKE Superior Court.

The following is so much of the case settled on appeal, as it is necessary to set forth here :

This is an action to enforce the payment of an amount alleged by the plaintiffs to be due to them by the defendant, for material furnished and work and labor done, in erecting and repairing certain buildings and personal property in the city of Raleigh, and to have the same declared to be a lien on said buildings, and the lot upon which the

same are situated, discharged from all homestead claims on the part of the defendant.

At the October Term, 1886, of Wake Superior Court, the plaintiffs made a motion to be permitted to take a nonsuit. The defendant opposed the granting of said motion on the following grounds:

1. For that the Court had no jurisdiction and no power to grant said motion, because, at the April Term, 1886, of said Court, the said case was referred for trial by consent of parties plaintiff and defendant, and because the referee by consent of counsel for plaintiffs and defendant, had proceeded with the trial of said case upon complaint. answer, amended answer and replication, and because said case was then pending before said referee upon complaint, answer, amended answer and replication.

2. For that the defendant in her said answer and amended answer, set up a counter-claim existing at the time of the bringing of the action, and arising out of the transaction on which plaintiffs sued, and prayed for judgment against the plaintiffs for the sum of $768.53 and costs.

The facts in the case are as follows:

The plaintiffs filed their complaint in the Superior Court on the 23d of February, 1886; the defendant filed her answer in said Court on the 6th of March, 1886; the plaintiffs filed their replication to the answer on the 20th of April, 1886. By consent of parties the defendant filed an amended answer, and plaintiffs amended their replication. Said answer and amended answer set up a counter-claim, existing at the time of the bringing of the action, and arising out of the transaction upon which defendant sues, and prays for judgment against plaintiffs for the sum of $768.53 and costs.

At April Term, 1886. of said Court, by consent of parties, the case, (then standing for trial upon complaint, answer, amended anwer and replication,) was referred for trial to Armistead Jones, Esq., with leave to defendant to withdraw

her answer, and file a demurrer as to the validity of the lien.

The proceedings in said cause, taken and had before the referee, were as follows:

On the 26th of June, 1886, by consent, the defendant's answer was considered as withdrawn, and the demurrer filed in said cause, was by consent, argued before the referee. Plaintiffs, upon motion, were allowed to file the contract as an exhibit to the complaint; and the defendant was allowed to amend her demurrer. The defendant excepted to the filing of the contract. The demurrer was overruled, and defendant excepted. The demurrer being overruled, the defendant, by consent, was allowed to answer. The defendant then re-filed her answer and amended answer, setting up a counter-claim existing at the time of the bringing of the action, and arising out of the transaction on which plaintiffs sue, and asking judgment against plaintiffs, and by consent plaintiffs re-filed their replication.

The Court refused to permit the plaintiffs to take a non-suit, and rendered judgment as follows:

"This cause coming on to be heard upon the motion of the plaintiffs to take a nonsuit, and the defendant resisting the motion on the ground that the case has been, and is now referred by consent, and on the further ground that the defendant has in her answer set up a counter-claim to the demand of the plaintiffs, arising from the same transaction out of which the plaintiffs' claim arises, and it so appearing to the Court, it is now considered, ordered and adjudged, that said motion be refused, and that the defendant recover costs."

The plaintiffs having excepted, appealed to this Court.

*Mr. Spier Whitaker,* for the plaintiffs.

*Mr. Ernest Haywood,* (*Mr. A. W. Haywood* was with him on the brief,) for the defendant.

Merrimon, J., (after stating the facts). It is true, as contended by the counsel of the appellant, that the record and recitals therein must prevail, when these are inconsistent and in conflict with statements in the case stated or settled upon appeal by the Court. *Farmer* v. *Williams,* 75 N. C., 401; *State* v. *Keeter*, 80 N. C., 472. But we do not find such inconsistency in this case. The proceedings in the course of the action appear disorderly, but the pleadings all appear, and their nature and what is stated in them, indicate the proper order of them. Nor does the record note the consent of the parties in respect to the filing of the pleadings subsequent to the complaint. There is, however, nothing appearing in it inconsistent with the case settled, and the statements of facts therein as to the order of the proceedings, must be accepted as true. It had been better, if the Court had required the record to be put in order—indeed, it ought to have done so.

The view suggested by counsel, that the consent reference in an action, as allowed by the statute, (*The Code,* §420,) places the action pending the reference, or at all, beyond the control of the Court, is unfounded. The *action* is not referred—it continues pending in the Court, and all proper motions may be made in it, not inconsistent with the reference and course of procedure therein, as prescribed by the same statute. (*The Code,* §422).

The reference is for the *trial* of issues of fact or law, or both, accordingly as its terms may provide. The jurisdiction is that of the Court, not that of the referee ; he, by the written consent of the parties, becomes a mere adjunct of, and acts in the place of the Court, or of the Court and jury, in respect to the trial. What he does is ancillary to the authority of the Court in the action. He must make report of his proceedings and action, and his report, unless excepted or objected to in the way prescribed, stands as the decision of the Court, and upon application to the Judge, he may enter

judgment upon the same. There is no reason why the plaintiff may not abandon his action, and voluntarily submit to a judgment of nonsuit, as it is called, pending the reference. When he thus goes out of Court, the action and all proceedings therein, including the reference, are at an end, except in the cases and as explained below.

Generally, a plaintiff may abandon his action and voluntarily submit to a judgment of nonsuit, at any time after bringing his action, and before the verdict of a jury, or what is tantamount to it; *Bank* v. *Stewart*, 93 N. C., 402, and the cases there cited.

He cannot do so, however, under the present method of civil procedure, if the defendant has pleaded a *counter-claim* —a cause of action arising out of the contract or transaction set forth in the complaint as the grounds of the plaintiff's cause of action. In such case, it is reasonable and just that the rights of the parties arising out of such contract or transaction shall be settled at the same time and in the same action, and that one party shall not be allowed to abandon the action without the consent of the other, until this shall be done. The plaintiff cannot justly complain if he is detained in Court until the whole merits of his cause of action are tried, and the rights of the defendant growing out of the same are settled, if the latter shall so desire. *Whedbee* v. *Leggett*, 92 N. C., 469.

It is otherwise when the *counter-claim* is a cause of action arising independently of that alleged in the complaint, such as that allowed by the statute, (*The Code*, §244, par. 2). In that case, the plaintiff may submit to a voluntary nonsuit as to his own cause of action, but he cannot, by doing so, put an end to the defendant's right to litigate his counter-claim. The action continues for that purpose, unless the defendant shall see fit to withdraw his counter-claim, and thus abandon the action with which he has become identified, as seek-

ing redress from the plaintiff, who becomes practically a defendant, while the defendant becomes a plaintiff in the action thus prolonged. *Whedbee* v. *Leggett, supra.*

Now, in the present action the defendant pleaded a *counterclaim* arising out of the contract and transaction alleged in the complaint, as the foundation of the plaintiffs' claim. It is therefore obvious, that they were not entitled to submit to a voluntary nonsuit. The defendant has the right to detain them in Court until her alleged rights, growing out of the plaintiffs' alleged cause of action, shall be settled and determined.

There is no error. Let this opinion be certified to the Superior Court, to the end that further proceedings may be had in the action there, according to law. It is so ordered.

No error. Affirmed.