DANIEL CALDWELL v. LESSIE BERRY CALDWELL.

(Filed 3 June, 1925.)

1. **Judgments—Clerks of Court—Jurisdiction—Statutes.**

The clerks of the Superior Courts, under the provisions of chapter 92, Public Laws of 1921, Extra Session, are authorized to enter judgments final in proceedings for divorce, subject to appeal to the court in term, which have the same force and effect as judgments of the latter court regularly entered in term, the statute in this respect being an enabling one and not depriving the judge of his jurisdiction of rendering judgment also, the jurisdiction being concurrent in both courts.

2. **Same—Divorce.**

The clerk of the Superior Court, in instances prescribed by the statute, may not enter consent judgment in actions for divorce, and in other actions he may permit the plaintiff, in proper instances, to take a voluntary nonsuit.

CALDWELL *v.* CALDWELL.

**3. Same—Notice.**

It is not required that the plaintiff notify the defendant before taking a voluntary nonsuit before the clerk of the court when such may be taken under the statute.

**4. Same—Appeal and Error.**

Where the clerk of the Superior Court has exercised his statutory power to permit the plaintiff to take a voluntary nonsuit in his action against his wife for divorce, to whom alimony *pendente lite* has been allowed, the judge of the Superior Court in term may not set aside the judgment on motion of defendant originally made before him, the right to alimony ceasing at the time of the nonsuit, leaving defendant to pursue her further remedy by independent action should she be so advised.

**5. Same—Constitutional Law.**

From the judgment of the Superior Court reversing the clerk's order permitting the plaintiff to take a voluntary nonsuit in his action for divorce, an appeal to the Supreme Court will lie. Const. Art. IV, sec. 8.

**6. Same—Objection and Exception.**

The judgment entered by the clerk of the Superior Court under his statutory jurisdiction can only be reversed for error upon appeal to the Supreme Court from that of the Superior Court in term upon exceptions originally and duly taken before the clerk, except upon the ground of mistake, inadvertence or excusable neglect, C. S., 600; or from a motion made to remove the cause as a matter of right, C. S., 913(a); or from an order made upon a motion to remove the cause to the Federal Court, C. S., 913(b).

APPEAL by plaintiff from *Harding, J.,* at October Term, 1924, of BURKE.

Action for divorce. Defendant denied by her answer the allegations of the complaint upon which plaintiff prayed for judgment dissolving absolutely the bonds of matrimony existing between plaintiff and defendant. Defendant thereupon applied to the Superior Court of Burke County for alimony, *pendente lite.* This application was heard, after notice to plaintiff, at August Term, 1923, by his Honor, James L. Webb, judge presiding, at said term. Upon the facts found, it was ordered that plaintiff pay into the office of the clerk of the Superior Court of Burke County, on or before Saturday, 18 August, 1923, and on Saturday of each and every successive week thereafter during the pendency of the action, the sum of six dollars and seventy-five cents for the use and benefit of and to be paid to defendant, Lessie Berry Caldwell, for her support and expenses pending the trial of this action.

Plaintiff complied with this order and made the weekly payments as ordered and directed therein up to and including 9 February, 1924. He also paid $3.25 on the payment due on 16 February, 1924. No other or further payments have been made by plaintiff.

On 20 March, 1924, a judgment of nonsuit was entered in this action in the following words:

"North Carolina,                                        Superior Court,
      Burke County.                                Before the Clerk.

The plaintiff, Daniel Caldwell, having come into court, through his attorneys, Ervin & Ervin, and having submitted to a voluntary judgment of nonsuit:

It is considered, ordered, and adjudged that this action be, and the same is hereby, dismissed. It is further ordered that the plaintiff pay the costs hereof.

BUTLER GILES,
*Clerk of the Superior Court of Burke County.*"
This 20 March, 1924.

Thereafter, after notice to plaintiff served on 28 July, 1924, and upon affidavit of defendant, defendant moved, before his Honor, W. F. Harding, judge presiding, at September Term, 1924, of the Superior Court of Burke County, that the judgment of voluntary nonsuit, rendered by the clerk of the court on 20 March, 1924, be vacated and set aside. Upon the hearing of this motion the court found that at the time said judgment was entered plaintiff was in arrears in the payment of the alimony due to defendant and that said judgment was rendered without notice to defendant, and upon these facts "ordered and adjudged that the judgment of nonsuit entered by the clerk in this action on 20 March, 1924, be, and the same is, set aside, and upon affidavit of the defendant filed herein and dated 17 May, 1924, it is ordered that the plaintiff be, and he is hereby, required to show cause before the judge of the Superior Court of Burke County on Monday, the first week of the December Term, 1924, of said court, why he should not be attached as for a contempt in failing to pay alimony to the defendant as directed by the judgment of Judge Webb."

Plaintiff excepted to the foregoing judgment, and appealed therefrom to the Supreme Court.

*S. J. Ervin and S. J. Ervin, Jr., for plaintiff.*
*Avery & Ervin for defendant.*

CONNOR, J. Plaintiff excepts to the judgment rendered by Judge Harding at October Term, 1924, setting aside the judgment dismissing the action upon a voluntary nonsuit entered by the clerk on 20 March, 1924, upon two grounds: First, that there was no exception to or appeal from the judgment of nonsuit entered by the clerk; second; that there

was no error or irregularity in the rendition of said judgment; defendant having set up no counterclaim in her answer, plaintiff contends that he had the right to take a voluntary nonsuit, and that by the express provisions of the statute the clerk was authorized to enter such judgment at any time.

Chapter 92, Public Laws 1921, Extra Session, is entitled An act to amend certain statutes theretofore enacted relating to civil procedure, in regard to process and pleadings, and "to expedite and reduce the cost of litigation." Subsection 12 of section 1, of said chapter, provides that "the clerks of the Superior Courts are authorized to enter the following judgments: (a) all judgments of voluntary nonsuit; (b) all consent judgments; (judgments coming within (a) and (b) may be entered at any time)." Clerks are further authorized to enter "(c) judgments in all actions upon notes, bills, bonds, stated accounts, balances struck, and other evidences of indebtedness within the jurisdiction of the Superior Court; (d) all judgments by default final and default and inquiry as are authorized by sections 595, 597 of the Consolidated Statutes and in this act provided." (e) In all cases where the clerks of the Superior Courts enter judgment by default final upon any debt, secured by mortgage, deed of trust, or other conveyance of any kind, or by pledge of property, "the said clerks are authorized to make orders of foreclosure, for sale, and distribution of proceeds of sale," etc. See Vol. 3, C. S., 593, 597 (a) (b) (c), 600. Judgments except those coming under (a) and (b) shall be entered only on a Monday of each month, and each Monday is a term of court for certain purposes.

Judgments entered by the clerk as authorized by this statute, under the express provisions thereof or by necessary implication, are judgments of the Superior Court, and are of the same force and effect, in all respects, as if rendered in term and before a judge of the Superior Court. In *Hill v. Hotel Co.,* 188 N. C., 586, we held that the statute as applicable to judgments by default final or by default and inquiry is an enabling act. We said, in the opinion filed by *Justice Adams* in that case, that we apprehend that the statute was never intended to deprive the Superior Court in term of its jurisdiction to render a judgment by default final or default and inquiry.

And so, we must hold that, as applicable to other judgments which the clerk is authorized therein to enter, the statute is an enabling act and does not deprive the Superior Court in term of its jurisdiction to render judgments, which by its provisions may also be entered by the clerk, either at any time or on any Monday of the month. The purpose and effect of the statute is to confer upon the clerk the same authority as that theretofore exercised by the judge in term with respect to judgments covered by the statute. The jurisdiction of a judge in term to

render judgments upon voluntary nonsuits, by consent of parties to the action, upon notes, bills, bonds, stated accounts, balances struck, or other evidences of debt, within the jurisdiction of the Superior Court, or by default final or default and inquiry, and to make orders and decrees in actions to foreclose mortgages, etc., is not affected by the provisions of this statute. The authority of the clerk is concurrent with and additional to that of the judge in term.

The authority of the clerk of the Superior Court of Burke County to enter a judgment dismissing upon voluntary nonsuit an action pending in said Superior Court in which such judgment could be rendered in term by the judge must be conceded. The fact that both complaint and answer had been filed and issues joined and the papers transmitted by the clerk to the court for the trial of the action upon the issues did not deprive him of this authority. A judgment upon voluntary nonsuit may be entered by the clerk at any time in any action in which the judge in term may render such judgment.

The judgment in the instant case which plaintiff seeks to have set aside is not void for want of jurisdiction by the clerk of the parties or of the motion. It is not alleged that the judgment should be set aside and vacated because of the mistake, inadvertence, surprise, or excusable neglect of the defendant. Nor are facts found which are sufficient to support an order setting aside the judgment on this ground. A motion to set aside and vacate a judgment entered by the clerk, as authorized by statute upon this ground, may be made before and passed upon by either the judge or the clerk. From an order made by the judge upon such motion an appeal may be taken to this Court, which has jurisdiction to pass upon and determine all matters of law or legal inference duly presented by appeal. Const. of N. C., Art. IV, sec. 8. From an order made by the clerk upon such motion an appeal will lie to the judge, who shall hear and pass upon the motion, *de novo,* 3 Vol., C. S., 600. From an order made by the judge upon appeal from the clerk an appeal will lie to the Supreme Court. *Duffer v. Brunson,* 188 N. C., 789.

The judgment entered by the clerk in the instant case is not erroneous. A judgment of the Superior Court rendered in term by the judge can be reviewed for error only upon appeal to the Supreme Court upon exceptions duly noted. *Livestock Co. v. Atkinson, ante,* 250; *Duffer v. Brunson, supra.* A decision of one judge of the Superior Court is not reviewable by another judge. *Dockery v. Fairbanks,* 172 N. C., 529. The power of one judge of the Superior Court is equal to and coördinate with that of another. A judge holding a succeeding term of the Superior Court has no power to review a judgment rendered at a former term upon the ground that such judgment is erroneous.

There is no provision in the statute regulating an appeal from a judgment entered by the clerk under the authority of the statute upon the ground that such judgment is erroneous. It would seem that the appeal from such judgment upon this ground may be taken from the clerk to' the judge, as provided by the statute, for appeals from orders and judgments upon other grounds. The proper practice, we think, is for the complaining party to except to the judgment as entered by the clerk and to' appeal therefrom to the judge, as in other cases provided for in the statute. An appeal will then lie from the judge of the Superior Court to the Supreme Court. This is the practice expressly provided in the statute for an appeal from an order made by the clerk upon a motion to set aside a judgment entered by him on the ground of mistake, inadvertence, surprise, or excusable neglect, or on the ground that the judgment is irregular; that is, contrary to the usual course and practice of the court, C. S., 600; or from an order made upon a motion to remove as a matter of right, C. S., 913(a); or from an order made upon a motion to remove to the Federal Court, C. S., 913(b). When appeals are taken from judgments of the clerk or judge, not made in term time, the clerk is authorized to make any and all necessary orders for the perfecting of such appeals, C. S., 642(a).

Defendant contended upon her motion before Judge Harding that the judgment entered by the clerk dismissing the action upon plaintiff's voluntary nonsuit was irregular. Either the judge or the clerk had jurisdiction to hear the motion upon this ground. The motion was properly made before the judge, in the first instance, for the judgment which defendant asked to have set aside on the ground that it was entered contrary to the course and practice of the court and, therefore, irregular, was a judgment of the Superior Court; *Moore v. Packer,* 174 N. C., 665.

The clerk also had jurisdiction of this motion; from his order an appeal could have been taken to the judge. The judge's jurisdiction, however, of a motion to set aside a judgment entered by the clerk under the authority of this statute is original as well as appellate; C. S., 633, 635 and 636, regulating appeals from the clerk to the judge are applicable to appeals from orders and judgments made or rendered by the clerk in the exercise of jurisdiction conferred upon him by statute prior to chapter 92, Public Laws 1921, Extra Session. These sections of Consolidated Statutes do not apply to orders and judgments made or entered by the clerk as authorized by this latter statute.

Plaintiff's first contention upon his appeal in this Court, to wit: That Judge Harding was without jurisdiction to hear and pass upon defendant's motion, because no exception to' or appeal from the judgment of nonsuit entered by the clerk was taken, is not sustained.

Upon consideration of defendant's motion, Judge Harding found that the judgment of nonsuit was entered by the clerk without notice to defendant and while plaintiff was in arrears in the payment of the sums which he was ordered by Judge Webb to pay weekly for the use and benefit of defendant during the pendency of the action. Plaintiff contends that the judgment of nonsuit was not irregular and that, therefore, there was error in the judgment setting it aside upon this ground.

In *McKesson v. Mendenhall,* 64 N. C., 502, *Justice Rodman,* after reviewing the authorities relative to the practice as to nonsuits, says: "The principle would seem to be that a plaintiff may elect to be non-suited in every case where no judgment other than for costs can be recovered against him by the defendant, and when such judgment may be recovered, he cannot." This statement is cited with approval and as authoritative in *Dawson v. Thigpen,* 137 N. C., 463. In such case plaintiff may take a voluntary nonsuit and have judgment dismissing the action at any time before verdict is passed against him. C. S., 604, and cases cited. An action will not be dismissed upon a voluntary nonsuit by plaintiff where defendant in the answer sets up a counter-claim entitling him to affirmative relief; *McLean v. McDonald,* 173 N. C., 429.

Upon the allegations in the complaint, plaintiff prays judgment that the bonds of matrimony between himself and defendant be dissolved. Defendant denies the allegations, but alleges no facts upon which she would be entitled to affirmative relief by final judgment in the action, nor does she pray for any relief by final judgment in the action. She does allege facts upon which she relies upon her application for alimony *pendente lite.* Upon the pleadings no final judgment could be rendered in this action against plaintiff and for defendant, except that plaintiff is not entitled to the relief prayed for and that he pay the costs of the action. Upon plaintiff's motion, a judgment dismissing the action upon voluntary nonsuit was, therefore, proper, unless the principle stated in *McKesson v. Mendenhall* does not apply to an action for divorce.

The question as to whether the plaintiff in an action for divorce is entitled as a matter of right to a judgment dismissing the action upon voluntary nonsuit does not seem to have been heretofore presented to this Court. In 9 R. C. L., 429, it is said: "As in civil cases generally, it is the well-established rule that the complainant in divorce proceedings may as a matter of right dismiss his or her bill or complaint without the consent of the defendant; and it has been held that either party who asks for divorce may withdraw the demand at any time before the decree is entered, and that after such withdrawal the court has no authority to grant a divorce in favor of such party. There is,

however, authority for the position that the rule which governs in ordinary cases is not to be strictly applied in divorce proceedings." *Milliman v. Milliman,* 45 Colo., 291, 101 Pac., 58; 22 L. R. A. (N.S.), 999, and note. Also 35 L. R. A. (N.S.), 1158. In 19 C. J., 147, it is said: "While an application to discontinue is addressed to the sound discretion of the court, ordinarily where no cross bill has been filed complainant may at any time prior to a decree have the bill dismissed." The latter statement is supported by numerous authorities cited.

The better rule seems to be that a motion by the plaintiff for judgment dismissing his action for divorce upon a voluntary nonsuit will not be allowed by the court as a matter of right, but is addressed to the sound discretion of the court, which will be exercised in the interest not only of plaintiff, but of defendant and the State. The State and defendant, each, have an interest in the status of plaintiff and defendant, and the purpose of an action for divorce is to change or alter this status. In the instant case defendant has answered plaintiff's complaint and denied its allegations. She resisted his prayer for relief. The State's interest and the interest of defendant and her child will be served by the maintenance of the marriage relation, to the end, at least, that plaintiff shall be required to support defendant as his wife and their child as its father.

There was no error in the entry of judgment of nonsuit without notice to defendant. This judgment could be entered at any time by the clerk upon motion. No notice to defendant was required of this motion, although it may be well for the clerks of the Superoir Court to notify parties before entering judgments of nonsuit where an answer has been filed. Plaintiff was required by Judge Webb's order to pay alimony *pendente lite.* The action having terminated by judgment dismissing same, entered on 20 March, 1924, no sums were due under this order after that date. Judge Harding found that counsel for plaintiff tendered the sums in arrears and that same were declined by defendant. Before entering judgment dismissing the action the court should have considered whether or not payment of sums in arrears by plaintiff should be made a condition of entering the judgment in accordance with his motion. The presumption is that this matter was considered and passed upon by the clerk. We cannot hold that it was irregular—i.e., contrary to the course and practice of the court—to enter judgment of nonsuit without making the payment of alimony *pendente lite,* in accordance with the order entered while the action was pending, a condition of dismissing the action. The only effect of the judgment was to terminate the action and thus fix the date on and after which no further payments under the order were due. The judgment did not affect liability of plaintiffs for amounts then due. The judge finds, however,

that plaintiff tendered these amounts and that defendant declined to accept them. The termination of the action by judgment of nonsuit or upon a verdict does not affect liability of husband for alimony *pendente lite* due at date of judgment. The judgment dismissing the action upon voluntary nonsuit was not irregular. We must, therefore, hold that there was error in the judgment setting aside and vacating this judgment.

If the facts are as alleged in defendant's answer, and upon which she relied in her application for alimony *pendente lite,* and plaintiff is not moved by his conscience to do justice to defendant whom he has wronged and their child, she is not without remedy. The law of this State is ample to give her relief, and her able and zealous counsel will advise her of her rights and aid her in presenting her cause to the courts of her State. If her allegations are found to be true, the court will be swift to do her justice; *S. v. Bell,* 184 N. C., 701; C. S., 1667; *Crews v. Crews,* 175 N. C., 168; *Walton v. Walton,* 178 N. C., 73.

The judgment in this action, however, must be
Reversed.