PAGE TRUST COMPANY v. RAPHAEL W. PUMPELLY ET AL.

(Filed 28 April, 1926.)

Clerks of Court—Orders—Judgments—Pleadings—Appeal—Jurisdiction —Superior Court.

Upon appeal, the judge has jurisdiction to pass upon orders of the clerk in matters of giving judgment by default upon the pleadings, permitting parties to file answers, etc., and to make new parties to the action.

APPEAL by the plaintiff and one of the defendants from *Stack, J.,* at February Term, 1926, of MOORE.

Civil action to foreclose certain mortgages and deeds of trust. From an order setting aside a default judgment, making additional parties and allowing time to file pleadings, the plaintiff, Page Trust Company, and defendant, Atlantic Joint Stock Land Bank of Raleigh, appeal, assigning errors.

*U. L. Spence and Thos. E. Bass for plaintiff.*
*R. L. Burns for defendant, Atlantic Joint Stock Land Bank of Raleigh.*
*Brittain, Brittain & Brittain and H. F. Seawell for defendants, H. L. and Margarita P. Smythe.*
*Hoyle & Hoyle for Amelie Ripley Pumpelly.*

STACY, C. J. While the record in this case is quite voluminous, the questions presented fall within a very narrow compass.

The case was instituted 21 October, 1925, by the Page Trust Company against Raphael W. Pumpelly and wife, Amelie Pumpelly, Eastern Cotton Oil Company, a Virginia corporation, and the Atlantic Joint Stock Land Bank of Raleigh. The Eastern Cotton Oil Company being a foreign corporation, and Mrs. Amelie Pumpelly a nonresident, service of summons on these defendants was obtained by publication.

Raphael W. Pumpelly filed answer to the complaint 17 December, 1925, but later withdrew the same by leave of his Honor, Michael Schenck, judge presiding, at the January Term, 1926, Moore Superior Court, the order allowing the withdrawal being entered on Saturday, 23 January, 1926. On the following Monday, 25 January, H. L. Smythe and wife, Margarita P. Smythe, were, upon their own application, made parties defendant by order of the clerk of the Superior Court, and allowed ten days within which to file answer. Later, on the same day, 25 January, the plaintiff, Page Trust Company, and the defendant, The Atlantic Joint Stock Land Bank of Raleigh, moved before the clerk for judgment by default upon the verified complaint of the plaintiff and verified answer of the moving defendant. This motion was continued until the following Monday, 1 February, 1926, at which time the clerk entered a default judgment in favor of the plaintiff and the defendant Land Bank, after striking out the order allowing H. L. Smythe and wife, Margarita Smythe, to be made parties defendant. But as the judgment entered was not as tendered, the plaintiff and said defendant Bank appealed from the judgment of the clerk to the judge. H. L. Smythe and wife likewise appealed from the judgment of the

clerk, revoking his former order allowing them to come in and be made parties defendant. On the same day, Monday, 1 February, 1926, Mrs. Amelie Pumpelly, for the first time, appeared through counsel and asked to be allowed to file answer, which was denied, and from the order of the clerk, denying her motion, she also appealed to the judge of the Superior Court in term.

The matter then came on for hearing before his Honor, A. M. Stack, judge presiding, at the February Term, 1926, Moore Superior Court, and from the judgment then entered, setting aside the default judgment of the clerk, allowing Mrs. Amelie Pumpelly to file answer and making additional parties, plaintiff and The Atlantic Joint Stock Land Bank of Raleigh appealed to the Supreme Court.

It will be observed that all the parties had appealed from the clerk to the judge at term. Therefore, the whole matter was properly before the judge of the Superior Court, and his judgment must be affirmed on authority of *Howard v. Hinson, ante,* 366; *Greenville v. Munford, ante,* 373, and *Caldwell v. Caldwell,* 189 N. C., 805. See, also, C. S., 492, and cases cited thereunder, touching the right of the non-resident defendant, Mrs. Amelie Pumpelly, who was served only by publication, to come in and defend, either before or after judgment.

There was no motion for judgment against Raphael W. Pumpelly alone.

Affirmed.