JOHN A. WEAVER ET AL. v. J. W. HAMPTON ET AL.

(Filed 25 January, 1933.)

1. **Judgments B b—Clerk has jurisdiction to sign consent judgment in cause pending before referee.**

    The clerk of the Superior Court has jurisdiction to sign a consent judgment in an action even while the action is pending before a referee. C. S., 593.

2. **Reference A e—Order of reference does not destroy jurisdiction of court.**

    An order of reference does not take the case from the jurisdiction of the court, the referee being merely an instrumentality of the court, and

the court has jurisdiction to hear and determine all proper motions in the cause pending the reference which are not in conflict with the order of reference, including the signing of a consent judgment by the parties.

**3. Judgments B a: Counties C a—County commissioners have authority to assent to consent judgment in proper instances.**

Under the statutory authority of the county commissioners to make such contracts as may be necessary to the exercise of its proper powers, C. S., 1291, the commissioners have the authority to assent to the entry of a consent judgment in an action pending against the county, when such judgment is entered in good faith and is free from fraud, etc., a consent judgment being a contract of the parties spread upon the records with the approval and sanction of a court of competent jurisdiction.

CIVIL ACTION, before *Harris, J.,* at Special July Term, 1932, of ASHE.

This case was considered on a former appeal reported in 201 N. C., at page 798, where the facts are set forth in detail. An examination of the facts discloses that this action was instituted to set aside the consent judgment rendered in the cause. Upon the former appeal it was adjudicated that plaintiff had stated a cause of action, and thereafter the cause was tried upon the following issue: "Was the consent judgment rendered by the clerk of the Superior Court, dated 3 December, 1930, procured by fraud and collusion of the defendant, J. W. Hampton, and the board of commissioners of Ashe County, as alleged?" The jury answered the issue "No," and from judgment upon the verdict the plaintiffs appealed.

*R. H. McNeill, Washington, D. C., Bauguess & Prevette, Jefferson, N. C., and Lovill & Zimmerman, Boone, N. C., for plaintiffs.*
*R. A. Doughton, T. C. Bowie and Ira T. Johnston for defendants.*

BROGDEN, J. The two primary questions of law presented by the record are:

1. Has the clerk of the Superior Court the power to sign a consent judgment in a cause duly instituted in the Superior Court, and at the time of such signing, pending before a referee appointed in an order of compulsory reference?

2. Does the board of county commissioners have the power to compromise a pending suit against the county, or to assent to the entry of a consent judgment terminating litigation against the county?

The evidence in the case is conflicting. Nevertheless, it discloses that a serious controversy existed between the parties. There was evidence that the referee had stated that it seemed desirable that the parties should compose their differences if possible. The jury has found that the

consent judgment entered by the clerk was not tainted by fraud or collusion, and consequently the power of the clerk to sign the judgment immediately assumes paramount importance.

C. S., 593, expressly authorizes the clerks of Superior Courts to enter consent judgments at any time, and such judgments so entered become the judgments of the Superior Court. *Caldwell v. Caldwell,* 189 N. C., 805, 128 S. E., 329. This power is neither paralyzed nor destroyed by the fact that the cause is pending before a referee. A referee does not remove the cause of action from the Superior Court. It merely removes the procedure or method of determining the facts and the law of the case. This idea was first expressed in *McNeill v. Lawton,* 97 N. C., 16, 1 S. E., 493. The Court said: "The view suggested by counsel, that the consent reference in an action, as allowed by the statute, places the action pending the reference, or at all, beyond the control of the court, is unfounded. The action is not referred—it continues pending in court, and all proper motions may be made in it, not inconsistent with the reference and course of procedure therein, as prescribed by the same statute. . . . The reference is for the trial of issues of fact or law, or both, accordingly as its terms may provide. The jurisdiction is that of the court, not that of the referee; he, by the written consent of the parties, becomes a mere adjunct of, and acts in the place of the court, or of the court and jury, in respect to the trial. What he does is ancillary to the authority of the court in the action." Of like tenor, is the declaration in *Jones v. Beaman,* 117 N. C., 259, 23 S. E., 248, as follows: "The court does not refer the action but retains it, pending the reference, with its power to make any necessary and proper order desired by the parties." Therefore, it is concluded that the entry of the consent judgment was fully authorized by law.

The delegated powers of a county are usually exercised by the board of county commissioners. C. S., 1291, expressly authorizes a county "to make such contracts . . . as may be necessary to the exercise of its powers." A consent judgment "is the contract of the parties spread upon the records with the approval and sanction of a court of competent jurisdiction," etc. *Weaver v. Hampton,* 201 N. C., 798. While it has been held that county commissioners have no authority to release the sureties on the bond of a sheriff, it does not follow therefrom that a board of county commissioners has no power to settle a law suit pending against the county where such settlement is made in good faith and free of fraud, collusion or other vitiating element. Indeed, to withdraw such power from the governing board might frequently leave a county tied to a stake and exposed to the bruising lash of indefensible litigation. The Circuit Court of Appeals for the Fourth Circuit in *Board of Commis-*

*sioners v. Tollman,* 145 Fed., 753, recognized and sanctioned the right of county commissioners to compromise law suits. The Court said: "Again, the power to sue and to defend suits carries with it, by necessary implication, the power to make bona fide compromise adjustments of such suits." It has been generally recognized as a sound principle of law that counties are empowered to arbitrate controversies arising in the exercise of corporate powers. The authorities are assembled in *West v. Coos County,* 237 Pac., 961, 40 A. L. R., 1362, and annotation.

No error.