Civil action for an accounting with respect to transactions had between plaintiffs' intestate and the defendant over a period of approximately twenty years.
The defendant denied liability and set up a counterclaim.
At the April Term, 1933, there was an order of reference by consent entered in the cause.
At the December Term, 1933, the matter came on for hearing upon exceptions filed by both sides to the report of the referee. After a full consideration of the case, it was ordered, Judge Harris, presiding, with the consent of the parties, that certain issues raised by the exceptions be submitted to a jury at a subsequent term of court.
At the February Special Term, 1934, Judge Barnhill, presiding, the order entered at the previous December Term was stricken out ex mero motu, or disregarded, on the ground that a jury trial was not in order as the original reference was by consent and both parties had thereby waived their rights to a jury trial. To this ruling the plaintiffs objected and excepted.
The court thereupon considered the exceptions to the referee's report, sustained some and overruled others, and entered judgment accordingly.
Both sides appeal, assigning errors.
The consent order entered at the December Term, 1933, which provided for a jury trial upon certain issues, would seem to be valid. Deaver v. Jones,114 N.C. 649, 19 S.E. 637 Stump v. Long, 84 N.C. 616. True, it could not have been entered except by consent. Driller Co. v. Worth, 117 N.C. 515,23 S.E. 427; Lance v. Russell, *Page 475 157 N.C. 448, 73 S.E. 151; Flemming v. Roberts, 77 N.C. 415. But having been entered by consent of the parties and without objection, it became a valid order in the cause. Weaver v. Hampton, 204 N.C. 42,167 S.E. 484; Morisey v. Swinson, 104 N.C. 555, 10 S.E. 754; Deaver v.Jones, supra.
This order was not subject to review at a subsequent term of court.Caldwell v. Caldwell, 189 N.C. 805, 128 S.E. 329; Phillips v. Ray,190 N.C. 152, 129 S.E. 177; Dockery v. Fairbanks, 172 N.C. 529,90 S.E. 501; S. v. Lea, 203 N.C. 316, 166 S.E. 292. It was error, therefore, for the court to strike it out ex mero motu, or to disregard it. The remaining exceptions are not considered.
New trial.