LINDA R. SHARP, Plaintiff-Appellant v. JACK P. GULLEY, and
SMITH DEBNAM HIBBERT & PAHL, Defendant-Appellees

No..COA94-1084

(Filed 21 November 1995)

**Judges, Justices, and Magistrates § 3 (NCI4th)— action
against court appointed referee—action barred by judicial
immunity**

Because plaintiff sought damages from defendant for alleged
wrongs committed in his official capacity as a court appointed
referee, she sought damages from him as an adjunct of the Dare
County District Court, and since her action against the court
appointed referee was implicitly an action against the trial judge,
it was barred by judicial immunity.

**Am Jur 2d, Judges §§ 72 et seq.**

**Civil liability of judicial officer for malicious prosecu-
tion or abuse of process. 64 ALR3d 1251.**

Appeal by plaintiff from order filed 18 April 1994 by Judge
Thomas S. Watts in Dare County Superior Court. Heard in the Court
of Appeals 17 October 1995.

*Linda R. Sharp, pro se.*

*Michael F. Easley, Attorney General, by Alexander McC. Peters,
Special Deputy Attorney General, for Jack P. Gulley.*

*Smith Debnam Hibbert & Pahl, L.L.P., by Bettie Kelley Sousa,
for Smith Debnam Hibbert & Pahl.*

WYNN, Judge.

Plaintiff, Linda R. Sharp, appeals the trial court's order granting
defendants, Jack P. Gulley and Smith Debnam Hibbert & Pahl's
Motion to Dismiss, and dismissing plaintiff's action with prejudice.
We affirm.

This action arises out of a domestic action involving the equitable
distribution of marital property between Ms. Sharp and her ex-
husband, and the determination of marital assets and liabilities. Both
parties were represented by counsel.

By order dated on or about 15 August 1988, the Dare County District Court appointed Mr. Gulley as referee "to hear and determine all of the issues involved in the [Sharps' equitable distribution] action." Mr. Gulley was specifically granted the powers stated in N.C. Gen. Stat. § 1A-1, Rule 53 (1990) governing the responsibilities of court-appointed referees, and was also given guidelines as to matters to be considered and addressed in his formal report. Mr. Gulley subsequently filed and submitted a report to the district court for review in the spring of 1993. Thereafter, the court entered an order adopting in part and modifying in part the report of Mr. Gulley.

On 11 January 1994, Ms. Sharp filed a complaint against Mr. Gulley for alleged wrongs committed by him as a court-appointed referee. Additionally, Mr. Gulley's former law firm, Smith Debnam Hibbert & Pahl, was included as a party to this action. The complaint alleged breach of contract, breach of fiduciary duty, negligent misrepresentation, and malpractice by Mr. Gulley and his former law firm.

On 20 April 1994, the trial court dismissed with prejudice the complaint under N.C.G.S. § 1A-1, Rule 12(b), for lack of subject matter jurisdiction, lack of personal jurisdiction, sovereign and judicial immunity, and failure to state a claim upon which relief can be granted. Plaintiff appealed to this Court.

---

Ms. Sharp contends that the trial court erred in dismissing the complaint under Rule 12(b) for lack of subject matter jurisdiction, lack of personal jurisdiction, sovereign and judicial immunity, and failure to state a claim upon which relief can be granted. Finding that this action is barred by judicial immunity, we conclude that the trial court properly dismissed plaintiff's action.

In the case before us, Ms. Sharp construes Mr. Gulley's position as a referee as one of an agent or an attorney. However, North Carolina law provides that a referee is not an agent of the parties, but of the court. See Weaver v. Hampton, 204 N.C. 42, 44, 167 S.E. 484, 485 (1933); see also, N.C.R. Civ. P. 53(e). As such, a referee "becomes a mere adjunct of, and acts in place of the court, or of the court and jury, in respect to the trial." Id., quoting McNeill v. Lawton, 97 N.C. 16, 19, 1 S.E. 493, 495 (1887). Therefore, because Ms. Sharp seeks damages from Mr. Gulley for alleged wrongs committed in his official capacity as a court-appointed referee; then, she seeks damages from him as an adjunct of the Dare County District Court.

It is well established that "[a] judge of a court of this State is not subject to civil action for errors committed in the discharge of his official duties." *Fuquay Springs v. Rowland,* 239 N.C. 299, 300, 79 S.E.2d 774, 776 (1954). In the instant case, this action is no different from one in which a plaintiff claims to have been damaged by a judge of the general court of justice. Since Ms. Sharp's action against the court-appointed referee is implicitly an action against the trial judge, it is barred by judicial immunity.

Affirmed.

Judges JOHNSON and EAGLES concur.