RICHARD R. BARE AND WIFE, HOPE BARE; JERRY L. BARE AND WIFE, DEBORAH
BARE; AND DONALD BARE AND WIFE, KATHY BARE, PETITIONERS v. JACQUELINE
ATWOOD (WIDOW); PATRICIA "SUSIE" CHURCH, AND HUSBAND, ROBERT
CHURCH; DANNY JOE BARE (SINGLE); DAVID RAY BARE AND WIFE, ANGIE
BARE; AND DWIGHT TIMOTHY BARE AND WIFE, STEPHANIE BARE, RESPONDENTS

No. COA09-342

(Filed 1 June 2010)

**Appeal and Error— interlocutory order and appeal—no substantial right**

> In an action involving the disposition of real property in accordance with decedent's will, respondents' appeal from the denial of their motion to show cause why the clerk of superior court should not be held in contempt was dismissed as from an interlocutory order. The appeal was not brought pursuant to a Rule 54(b) certification and respondents failed to demonstrate that a substantial right would be lost absent immediate appellate review. Respondents incorrectly identified a party as an appellant in this matter and a charge of contempt was not available as a means of enforcement on the facts of this case.

Appeal by respondents from orders entered 7 August 2008 and 15 August 2008 by Judge W. Erwin Spainhour in Ashe County Superior Court. Heard in the Court of Appeals 30 September 2009.

*Kilby & Hurley Attorneys at Law, by John T. Kilby, for petitioners-appellees.*

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Grady L. Balentine, Jr., and Certified Legal Intern Kristin Uicker, for the Honorable Clerk of Superior Court Pamela W. Barlow, appellee.*

*Ronald D. Alston, for respondents-appellants.*

JACKSON, Judge.

Jacqueline Atwood, Patricia "Susie" Church, Robert Church, Danny Joe Bare, David Ray Bare, Angie Bare, Dwight Timothy Bare, and Stephanie Bare (collectively, "respondents") appeal from the denial of respondents' motion to show cause why the Honorable Pamela W. Barlow, Ashe County Clerk of Superior Court ("the Clerk"), should not be held in contempt. For the reasons set forth below, we dismiss.

This case arose from Dessie Raye Bare's ("decedent") will. At her death, decedent owned a large tract of land in Ashe County, North Carolina (the "Ashe County Property"). Decedent's will contained a devise that left the Ashe County Property to Richard R. Bare, Jerry L. Bare ("Bare"), and Donald Bare (collectively, "petitioners") subject to certain conditions precedent.

Petitioners initially filed a petition seeking a partition sale of the Ashe County Property with the Ashe County Clerk of Superior Court. On 8 June 2004, the Honorable Jerry Roten, then Clerk of the Ashe County Superior Court, entered an order stating that he did not have jurisdiction to decide the interests that each party held in the Ashe County Property, and, therefore, he was unable to order a partition sale.

Respondents then filed a complaint seeking a declaratory judgment which was decided on 1 November 2005. In that proceeding, the trial court found and concluded, *inter alia*, that (1) the conditions precedent to the devise to petitioners in decedent's will had not been met; (2) the devise, therefore, failed; (3) there was no residuary clause in decedent's will; and (4) therefore, the property was to pass to decedent's heirs pursuant to intestate succession. The trial court then ordered the clerk to continue with the partition proceedings upon the trial court's order that each of decedent's six children had a one-sixth undivided interest in the Ashe County Property. In addition, as one of decedent's children had predeceased her, the four children of her deceased child each were entitled to one fourth of his interest in the Ashe County Property. The trial court also found as fact that, prior to the filing of the partition proceeding, a deed had been executed and recorded in the Ashe County Register of Deeds office conveying any interest that Gloria Voss ("Voss") held in the Ashe County Property to Bare. The declaratory judgment order did not include any findings of fact or conclusions of law clearly addressing the effect of this deed.

Petitioners in the case *sub judice* appealed to this Court from the declaratory judgment order, and we affirmed the trial court's ruling. *See Church v. Bare*, 179 N.C. App. 863, 635 S.E.2d 536, 2006 WL 2947536, 2006 N.C. App. LEXIS 2173 (2006) (unpublished). In *Church*, we addressed the very limited issues presented on appeal, discussed *supra*, which did not include a review of the deed from Voss to Bare or the interests of the parties. *See id.*

Pursuant to our affirmation of the declaratory judgment order upon the limited issues on appeal, the case then returned to the Ashe

County Clerk of Court to determine whether the Ashe County Property would be subject to actual partition, or if it should be partitioned by judicial sale. On 6 February 2007, the Clerk of Court[1] ordered a judicial sale of the Ashe County Property. In that order, the Clerk found as fact that Bare may have acquired Voss's interest in the Ashe County Property. Respondents then moved for a rehearing of the matter and to have the Clerk's order set aside.

The matter was reheard, and on 6 August 2007, the Clerk issued an order setting aside the 6 February 2007 order of judicial sale. In the 6 August 2007 order, the Clerk again noted that a dispute had arisen with respect to the deed that purported to convey Voss's interest in the Ashe County Property to Bare. The Clerk then ordered the parties to mediation and delayed making a decision on the petition for judicial sale pending the outcome of the mediation. The parties went to mediation, but reached an impasse. On 15 October 2007, the Clerk again ordered a judicial sale of the Ashe County Property with the proceeds to be paid to decedent's intestate heirs in accordance with the 1 November 2005 declaratory judgment. However, the Clerk ordered Voss's interest to be deposited into the Ashe County Clerk's Office until a declaratory judgment action was filed or a settlement was reached concerning Voss's interest because "the deed never [was] set aside that conveyed 'all rights, title and interest of Gloria I. Voss and husband Burdette A. Voss to Jerry L. Bare, Individually' (Ashe County Register of Deeds Office book 308 and pages 63-64)."

On or about 14 November 2007, respondents filed for an order to show cause against the Clerk of Court why she should not be held in contempt of court for her failure to follow the 1 November 2005 declaratory judgment order because she ordered Voss's interest in the Ashe County Property to be deposited with the Clerk's Office until the dispute regarding the interest had been resolved. Respondents' motion asked the trial court to order the Clerk to comply with the declaratory judgment order and to have her held liable for attorney fees incurred in "relitigating the matter." On 1 August 2008, the trial court denied respondents' motion on the grounds that the Clerk was immune from suit and charged appellants with $3,298.33 in costs and fees incurred by the North Carolina Department of Justice in defending her. Respondents appeal.

In their statement of grounds for appellate review, respondents acknowledge the interlocutory nature of their appeal from the trial

---

1. Prior to 6 February 2007, the Honorable Pamela Barlow had replaced the Honorable Jerry Roten as Clerk of Court in Ashe County.

**BARE v. ATWOOD**

[204 N.C. App. 310 (2010)]

court's orders that (1) denied respondents' motion seeking to have the Clerk of Court show cause and be held in contempt of court; (2) appointed attorneys Reginald Alston, John T. Kilby, and Carlyle Sherrill "as commissioners for the purpose of conducting the judicial sale of the property which is the subject of this action;" and (3) ordered the remainder of the Clerk's order to remain in effect.

There are two ways by which an interlocutory order may be appealed.

> First, an interlocutory order can be immediately appealed if the order is final as to some but not all of the claims . . . and the trial court certifies there is no just reason to delay the appeal [pursuant to North Carolina Rules of Civil Procedure, Rule 54(b)]. Second, an interlocutory order can be immediately appealed under [North Carolina General Statutes, section] 1-277(a) . . . and 7A-27(d)(1) . . . if the trial court's decision deprives the *appellant* of a substantial right which would be lost absent immediate review.

*Bartlett v. Jacobs*, 124 N.C. App. 521, 524, 477 S.E.2d 693, 695 (1996), *disc. rev. denied*, 345 N.C. 340, 483 S.E.2d 161 (1997) (citations and internal quotation marks omitted) (emphasis added).

The instant appeal is not brought pursuant to a Rule 54(b) certification; therefore, respondents must demonstrate that the trial court's order denied them a substantial right that would be lost absent immediate appellate review. *Id.*

Respondents assert that "Voss, *an appellant in this matter*, levied a charge of contempt to enforce an order affecting a substantial right." (Emphasis added). Respondents contend that a declaratory judgment already had been issued determining Voss's interest in the property, and, therefore, the determination would be barred from relitigation pursuant to North Carolina General Statutes, section 1-301.2(e). Therefore, "appellant has no other avenue to pursue enforcement of the declaratory judgment and protect the right to receive her portion of the proceeds of the sale." Accordingly, respondents argue, the trial court's order affected a substantial right that may serve as grounds for appellate review. We disagree.

Notwithstanding respondents' assertions, Voss is not an appellant in this matter. Although Voss's name appears on the motion for an order to show cause, Voss's name does not appear on (1) either of the challenged orders, (2) the notice of appeal, or (3) the caption of the

appellate record or briefs. Accordingly, without any showing of appellate participation by the purported appellant party, respondents' argument necessarily fails.

Furthermore, respondents incorrectly contend that a charge of contempt was the only means of enforcement available in the case *sub judice.* Contrary to respondents' contention, a charge of contempt is not available as a means of enforcement on these facts.

It long has been recognized that it is " 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Stump v. Sparkman*, 435 U.S. 349, 355, 55 L. Ed. 2d 331, 338 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347, 20 L. Ed. 646, 649 (1872)) (alteration in original). Recognizing this principle, our Supreme Court has held that "[a] judge of a court of this State is not subject to civil action for errors committed in the discharge of his official duties." *Fuquay Springs v. Rowland*, 239 N.C. 299, 301, 79 S.E.2d 774, 776 (1954); *see also Sharp v. Gulley*, 120 N.C. App. 878, 880, 463 S.E.2d 577, 578 (1995) (court-appointed referee in an equitable distribution matter entitled to judicial immunity), *rev. denied*, 342 N.C. 659, 467 S.E.2d 723 (1996).

Judicial immunity is an absolute immunity from suit, not merely from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 116 L. Ed. 2d 9, 14 (1991). The immunity only can be overridden in two situations: (1) judicial officers are not immune from liability for non-judicial actions, and (2) judicial officers are not immune from liability for actions taken in the "complete absence of all jurisdiction." *Id.* at 11-12, 116 L. Ed. 2d at 14.

The factors to be considered in "determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362, 55 L. Ed. 2d at 342. Here, it is undisputed that the Clerk was acting in a judicial capacity in ordering the disputed proceeds representing Voss's interest in the Ashe County Property to be deposited in the Clerk's office until a resolution of the dispute was made.

In her position as the Ashe County Clerk of Superior Court, the Clerk is a "judicial officer of the Superior Court Division" and was "exercis[ing] . . . judicial powers conferred upon [her] by law in

respect of special proceedings . . . ." N.C. Gen. Stat. § 7A-40 (2007). Partitions of real property are special proceedings. N.C. Gen. Stat. § 46-1 (2007). The Clerk of Superior Court makes the determination as to whether an actual partition or a sale in lieu of partition is to be conducted. N.C. Gen. Stat. § 1-301.2(h) (2007). The parties in this case brought a number of matters before the Clerk, including the special proceeding that presented the ultimate issue of whether a judicial sale of the Ashe County Property should be ordered. Therefore, in deciding this issue, the Clerk plainly was performing a judicial function because she was acting in her capacity as the Clerk of Court.

Respondents do not dispute that the Clerk's actions were taken in her judicial capacity. Nevertheless, respondents argue that the Clerk is not entitled to judicial immunity because her decision to have the proceeds representing the disputed interest in the Ashe County Property deposited in the Clerk's office was contrary to the trial court's declaratory judgment order and, therefore, was outside of her jurisdiction.

Respondents contend that (1) the 1 November 2005 declaratory judgment order decided not only the issues related to the decedent's will, but also who was entitled to the Ashe County Property pursuant to the rules of intestate succession, and (2) the dispute between Voss and Bare over Voss's interest was resolved in favor of Voss as well. We need not address the specifics of what the declaratory judgment order decided because (1) the matter is not squarely before the Court at this time and (2) the relevant standard for judicial immunity is whether the judicial official acted in "the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12, 116 L. Ed. 2d at 14.

In the case *sub judice*, the Clerk of Court was not acting in the clear absence of jurisdiction. After we affirmed the declaratory judgment in *Church*, the case returned to the Clerk to determine whether an actual partition or a sale in lieu of partition was appropriate. North Carolina General Statutes, section 1-301.2(h) provides, "the issue whether to order the actual partition or the sale in lieu of partition of real property that is the subject of a partition proceeding . . . shall be determined by the clerk. The clerk's order determining this issue, though not a final order, may be appealed . . . ." N.C. Gen. Stat. § 1-301.2(h) (2007). Thus, the Clerk of Court clearly had jurisdiction to hear the partition proceeding and to order a judicial sale of the Ashe County Property, and respondents had the right to appeal that order.

The United States Supreme Court has illustrated the difference between actions in excess of jurisdiction and actions in the clear absence of all jurisdiction with the following examples:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 357, n.7, 55 L. Ed. 2d. at 339 (citing *Bradley*, 80 U.S. at 352, 20 L. Ed. 651). *Cf. Mireles*, 502 U.S. at 10-13, 116 L. Ed. 2d at 13-15 (The Supreme Court noted that a trial court who was angered at a public defender for being absent from the courtroom ordered a bailiff to use excessive force to bring the attorney to the courtroom acted in excess of the court's authority by ordering the use of excessive force, but held that the court's action was not taken in the complete absence of all jurisdiction because the court had jurisdiction over the trial, and having the attorney brought into court was an action taken in aid of that jurisdiction.).

As the foregoing authority makes clear, there is a fundamental difference between exceeding authority and acting in the complete absence of all jurisdiction. In the case *sub judice*, because the Clerk plainly had jurisdiction over partition proceedings, she could not have been acting in the complete absence of jurisdiction even if she ignored or attempted to defy the declaratory judgment order as it related to the disputed interest.

Respondents attempt to circumvent the Clerk's immunity by relying upon *Perry v. Tupper*, 71 N.C. 380 (1874), in which our Supreme Court suggested that a hypothetical judge's refusal to obey an order entered by a higher court would be "judicial insubordination which is not to be tolerated." *Id.* at 381-82. However, this instruction in no way suggests that the proper remedy for judicial insubordination would be to allow contempt proceedings to be commenced against a judicial officer by disgruntled parties to an action.

Respondents also suggest that judicial immunity is inapplicable in this case because it is a contempt proceeding seeking to order the Clerk to comply with the 1 November 2005 declaratory judgment order, rather than a pure action for civil damages. Nonetheless, this

BARE v. ATWOOD

[204 N.C. App. 310 (2010)]

Court previously has noted that "[a] contempt proceeding, *whether civil or criminal*, is *sui generis*, and criminal in nature in that the party who is charged with committing a forbidden act may be punished if found guilty, and that punishment may be awarded only for wilful disobedience." *Records v. Tape Corp.*, 18 N.C. App. 183, 186, 196 S.E.2d 598, 601, *cert. denied*, 283 N.C. 666, 197 S.E.2d 880 (1973) (citations omitted) (emphasis added).

Were we to accept respondents' argument, it would undermine the entire purpose of the doctrine of judicial immunity.

"[I]t 'is . . . for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' . . . It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation."

*Stump*, 435 U.S. at 368, 55 L. Ed. 2d at 346 (quoting *Pierson v. Ray*, 386 U.S. 547, 554, 18 L. Ed. 2d 288, 294 (1967)).

Accordingly, because the Clerk's actions immunized her from contempt charges, contempt proceedings were not a means available to respondents to obtain relief in the case *sub judice*. Having addressed respondents' false premise as a flawed ground for appellate review, and noting respondents' conspicuous and improper attempt to invoke jurisdiction through a purported appellant who does not appear actually to have appealed, we conclude that respondents' appeal is interlocutory and should be dismissed for failure to demonstrate a substantial right that will be lost absent immediate review.

Dismissed.

Judges McGEE and STEELMAN concur.